UNITED STATES

v.

**Kenneth Lance Brown CONDON, 038 22 6445, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 76 0034.**

U. S. Navy Court of Military Review.

Sentence Adjudged 5 Sept. 1975.

Decided 29 July 1976.

LT Karl Zobrist, JAGC, USNR, Appellate Defense Counsel; LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before MURRAY and GLASGOW, JJ.

MURRAY, Judge:

Tried to a general court-martial with members, the appellant was convicted of desertion for a period in excess of six years. Appellant had entered a plea of guilty before the trial judge to the lesser included offense of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, but was convicted of the greater offense of desertion in violation of Article 85, UCMJ, 10 U.S.C. § 885, upon submission to the members of the issue of intent to remain away permanently. The appellant now submits three errors for consideration by this Court.

I

THE APPELLANT'S PLEA OF GUILTY TO A VIOLATION OF ARTICLE 86(3) WAS ERRONEOUSLY AND PREJUDICIALLY USED TO SUPPLY ELEMENTS OF THE GREATER OFFENSE OF DESERTION, IN VIOLATION OF ARTICLE 85.

II

THE MILITARY JUDGE ERRONEOUSLY AND PREJUDICIALLY FAILED TO SUSTAIN THE DEFENSE CHALLENGE TO LIEUTENANT COMMANDER B.

III

THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF DESERTION.

We consider seriatim.

I

After a careful inquiry at an Article 39(a), 10 U.S.C. § 839(a), session into the providency of appellant's plea of guilty to the lesser included offense of unauthorized absence from 11 April 1969 to 2 June 1975 terminated by apprehension, in open court

the trial judge instructed the court members that all of the elements of desertion had been established by appellant's plea of guilty to the lesser-included offense, except for the element of intent to remain away permanently. [R. 52–53]. Appellant contends that the Government may not use a plea of guilty to the lesser-included offense of unauthorized absence to prove the common elements of the greater offense of desertion with which he was charged. We do not agree.

In *United States v. Wahnon*, 23 U.S.C.M.A. 523, 50 C.M.R. 662, 1 M.J. 144 (1975), the accused was charged with three specifications alleging unauthorized absence in violation of Article 86, and two specifications alleging missing movement in violation of Article 87, Uniform Code of Military Justice. Wahnon pleaded guilty to the specifications alleging unauthorized absence, but not guilty to those alleging missing movement. The Government elicited no independent evidence that Wahnon was not aboard his ship when it sailed on the two relevant dates. Instead, the Government relied upon the accused's guilty pleas to unauthorized absence for certain periods, which necessarily precluded his presence on board the ship on the relevant dates. The Court of Military Appeals held that it was error to use the accused's plea of guilty to unauthorized absence to support a finding on the *separate charge* of missing movement.

The court in *Wahnon* relied upon its earlier opinion in *United States v. Caszatt*, 11 U.S.C.M.A. 705, 29 C.M.R. 521 (1960). In *Caszatt*, the accused was charged with disobedience of an order of a sergeant, and, in a separate charge, disobedience of an order of a commissioned officer the same day. The law officer in that case instructed the court members that they could consider the accused's guilty plea to the first charge (disobedience of the order of the sergeant) on the question of the accused's intent with *respect* to Charge II (disobedience of the order of the officer). The Court of Military Appeals held that

admission implicit in a plea of guilty to one offense cannot be used as evidence to support the findings of guilty of an essential element of a separate and different offense. [*United States v. Caszatt, supra*, 11 U.S.C.M.A. at 706, 29 C.M.R. at 522].

As the Court of Military Appeals noted in *Wahnon*, the court in *Caszatt* recognized that a plea of guilty could be used to established facts and elements common to both a greater and lesser offense *within the same specification*, but in *Caszatt* and *Wahnon* endorsed the view, first expressed by a Navy Board of Review in *United States v. Dorrell*, 18 C.M.R. 424 (N.B.R.1954), that there is no

basis in law for using a guilty plea to one specification to supply proof of any of the essential elements of another specification. [*Id.* at 426].

The Court of Military Appeals in *Wahnon* inferred that the unauthorized absence and missing movement charges stood in a relationship of greater and lesser-included offenses, but since they were pleaded in separate specifications of different charges, then under the *Caszatt* opinion, the guilty plea to one could not be used to supply any of the elements of the other charge. *United States v. Wahnon, supra*.

Relying upon the *Wahnon* and *Caszatt* opinions, the appellant in the case *sub judice* contends that if an accused is charged with two offenses in *different* specifications, which stand in the relationship of greater and lesser-included offense, a plea of guilty to the lesser offense may not be used to support a finding of guilty of the other offense, to which the accused has pleaded not guilty and thus, there is no rational basis for the distinction when a guilty plea to one offense may be used to support a finding of guilty of another offense merely because both the greater and lesser offenses are contained within the same specification. He contends that if an accused charged with unauthorized absence and missing movement receives the benefit of the *Wahnon* rule prohibiting collateral use of a guilty plea, then an accused

charged with desertion but who pleads guilty to the lesser-included offense of unauthorized absence should receive the same benefit. Appellant contends that to treat the two accused differently would constitute a denial of equal protection. Appellant cites dicta from an opinion by a different panel of this Court in partial but not full support of his contention wherein it was said:

> However, with one known exception relating to unauthorized absence and desertion, pleas of guilty to a lesser included offense may be used to establish facts and elements common to both . . . greater and lesser offenses within the same specification. *United States v. McKenzie*, No. 75 2236 (N.C.M.R. 12 March 1976).

While we agree with the portion of the *McKenzie* decision that correctly notes that pleas of guilty to a lesser included offense may be used to establish facts and elements common to both the greater and lesser offenses within the same specification, we do *not* agree that the offenses of unauthorized absence and desertion are an exception to this well recognized principle. We find the law to be as follows in light of *Wahnon* and *Caszatt*: (1) If an accused charged with an offense pleads guilty to an offense necessarily included therein within the same specification, then the plea of guilty may be used to support or establish facts and elements common to both the greater and lesser offenses; and (2) admissions implicit in a plea of guilty to one offense separately alleged cannot be used as evidence to support the findings of guilty of an essential element of a separate and different offense even though the offenses may bear a relationship of greater and lesser to each other.[1] We add unequivocally that the foregoing principles apply equally to the offenses of desertion and unauthorized absence, and we distinguish the dicta in

*McKenzie, supra*, which proposes anything to the contrary.[2]

In the instant case, the appellant pled guilty to unauthorized absence from 11 April 1969 to 2 June 1975, terminated by apprehension. This plea admitted three elements: (1) that appellant absented himself from his organization on or about 11 April 1969; (2) that the absence was without proper authority; and (3) that he remained absent until apprehended on or about 2 June 1975. Article 86(3), UCMJ; MCM, 1969 (Rev.), ¶ 165. Appellant was charged with desertion in violation of Article 85, Uniform Code of Military Justice. That offense involved four essential elements: (1) that appellant absented himself from his organization on or about 11 April 1969; (2) that the absence was without authority; (3) that the absence continued until on or about 2 June 1975, and was terminated by apprehension; and (4) that appellant intended, at the time of absenting himself or at some time during his absence, to remain away permanently from his organization. Article 85, UCMJ; MCM, 1969 (Rev.), ¶ 164a.

It is clear that the first three essential elements or facts of the unauthorized absence offense are identical to the first three elements of the desertion offense. The only difference between the two offenses in this case involved the intent to remain away permanently. Appellant admitted the first three essential elements which are also essential elements of the desertion charge. No collateral use was made of the admitted elements. No implications or inferences were drawn therefrom to establish different facts or elements of any other offense. No "admissions implicit in a plea of guilty" were used as evidence to support the findings of guilty of a separate offense. *United States v. Caszatt, supra.* In short, appellant's plea of guilty to unauthorized absence admitted nothing more than what he

---

1. *Cf. United States v. Marymont*, 11 U.S.C. M.A. 745, 29 C.M.R. 561 (1960).

2. A misreading of paragraph 164a of the 1951 Manual for Courts-Martial no doubt accounts for the confusion in this area first announced by a Navy Board of Review in the *Dorrell* case

*supra*, 18 C.M.R. at 426, wherein the board suggested that there may be a possible limitation on the use of a plea of guilty to unauthorized absence within a charge of desertion as specifically provided in par. 164a, MCM, 1951.

specifically admitted by that plea. The use of appellant's plea of guilty to the absence offense to establish those same elements which are common to the desertion offense was permissible and the trial judge did not err in instructing the court members that appellant's plea established all the elements of the offense of desertion except for the intent to remain away permanently. Appellant's first assignment of error is denied.

## II

On *voir dire* of the court members, defense counsel asked the court members whether they felt that if someone were absent for six years, it meant that the person "must necessarily have intended to desert." [R. 19]. One court member, Lieutenant Commander B., responded:

Because of the length of time, I feel I—possibly would feel that there was some intention. Of course, I would have to—I'm not judging in that sense, but I would have to hear the testimony. [*Id.*].

This response on the part of Lieutenant Commander B. was a correct statement of the law. That is, length of an unauthorized absence is some evidence that may be considered on the issue of an intent to remain away permanently. MCM, 1969 (Rev.), ¶ 164a. Furthermore the court member's response indicated that he was not thereby prejudging the case, and would have to listen to all the evidence before making up his mind.

The following colloquy then took place between defense counsel and Lieutenant Commander B.

DC: Do you feel that the government would have less of a burden of proof because the accused pleaded guilty to that period of unauthorized absence on the element of intent to remain away permanently?

MEMBER (LCDR B); I think so.

DC: I take it you are giving an affirmative response?

MEMBER (LCDR B): Yes. [R. 19].

Appellant contends that the court member's response to the second question exhibited an "inelastic attitude" on the part of the member concerning the findings. The Government contends that the second question in essence is nothing more than a rephrasing of the first question, and trial counsel demonstrated this by clarifying Lieutenant Commander B.'s answer by asking him as to whether he would be able to consider all of the evidence presented on the issue of intent to remain away permanently, including evidence of duration of the absence, and apply it to the instructions given to the court by the trial judge. Lieutenant Commander B. answered that he could follow the instructions of the judge [R. 21]. He further stated that he would make a judgment of appellant's guilt or innocence based on all the evidence, and not just on duration of the absence. [R. 22].

In our opinion the *voir dire* of Lieutenant Commander B. does not indicate an inelastic attitude or an unyielding predisposition on his part concerning appellant's guilt. *United States v. Binn*, 50 C.M.R. 384 (A.F.C. M.R.1975). A court member is eligible to sit on a court-martial which "will easily yield to the evidence presented in open court and to the law propounded by the trial judge." *United States v. Cleveland*, 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965), quoting *Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244 (1878). Lieutenant Commander B. may have had, at the time of *voir dire*, an *impression* that an admission of guilt of a six-year unauthorized absence was some evidence of intent to remain away permanently. Such impression is fully supported by the Manual for Courts-Martial which provides that a prolonged absence is a circumstance from which "an inference that an accused intended to remain absent permanently may logically be drawn." MCM, 1969 (Rev.), par. 164a. But Lieutenant Commander B. clearly and unequivocally advised that he was not "prejudging" the case, and would decide the issue on the basis of all the evidence. He further stated that he would follow the instructions of the trial judge on this matter. Under these circumstances, the trial judge did not abuse his discretion in failing to sustain the challenge for cause against Lieutenant Commander B.

Appellant's second assignment of error is denied.

### III

Appellant contends that the evidence is insufficient to support a finding of guilty of desertion in excess of six years. He relies on two grounds in support of this contention. First, he asserts that he identified himself shortly after his apprehension. Secondly, he maintains that his candor and honesty on the witness stand regarding his lack of intent to remain away permanently went unchallenged by trial counsel.

Appellant identified himself after his apprehension only after repeatedly denying his identity upon apprehension by two FBI agents. One of the agents, Mr. Howard Y. Marioka, testified that the FBI was informed that an individual named Howard King had applied for a job at Lawrence Security Company in San Francisco. A set of fingerprints taken by the company as part of the employment application matched those of appellant on file with the FBI. Mr. Marioka and another agent proceeded to Lawrence Security Company and waited for "Howard King" to come to work. When the man whom the guard identified as "Howard King" arrived, the agents identified themselves as special agents of the FBI, and asked him if he was Kenneth Condon. Appellant replied in the negative. He was subjected to a pat-down search, and then was taken into a room and asked to produce identification. The FBI agent testified that appellant produced his wallet, and the agents found an employment identification card issued by Lawrence Security Company. The card contained the name Howard King but had appellant's picture thereon. The agent was unable to recall what other specific forms of identification were in appellant's possession, but all of them bore the name of Howard King. Again appellant denied his identity. Then the agents performed a fingerprint test using a portable fingerprinting device. The agents showed appellant his fingerprints and how they matched with the samples of the fingerprints on file with the FBI for Kenneth Condon. For the third time appellant denied that he was Kenneth Condon. He was placed under apprehension and told that he would be taken to the city jail to be turned over to military authorities. It was only then that appellant finally admitted his true identity. It is apparent that the appellant did not readily and immediately admit his true identity.

Secondly, appellant contends that the Government failed to challenge his candor and honesty as a witness at trial concerning his lack of intent to remain away permanently. There was ample evidence of record, however, which challenged appellant's honesty concerning that testimony, and we note that testimony of the accused that he intended to return is not conclusive of the actual existence of an intent to return, since the court may believe or reject the testimony of any witness in whole or in part. MCM, 1969 (Rev.), ¶ 164a. Thus the prosecution was not required, by direct evidence, to rebut appellant's testimony that he did not intend to desert. A sufficient case may be made out through circumstantial evidence.

In this case, the proof of appellant's intent to remain away permanently is quite persuasive, and can be inferred from the following factors: (1) appellant was absent from his organization for more than six years; (2) appellant's absence was terminated by apprehension far away from his organization; (3) appellant always used an assumed or false name, Howard King, during his absence; (4) he was in close proximity to military installations for almost all of the period of absence and did not surrender to authorities; (5) appellant was not in possession of his military identification card at the time of his apprehension. MCM, 1969 (Rev.), ¶ 164a. Despite appellant's testimony that he did not intend to remain away permanently, there is ample evidence to support a finding of guilty beyond a reasonable doubt of the charge of desertion.

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge GLASGOW concur.