UNITED STATES, Appellee,

v.

Carlos ARIAS, Hospitalman Apprentice,
U. S. Navy, Appellant.

No. 32,680.

NCM 75–1485.

U. S. Court of Military Appeals.

Oct. 11, 1977.

Commander M. D. Rapp, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief were *Commander Carl H. Horst*, JAGC, USN, and *Lieutenant Lawrence S. Smith*, JAGC, USNR.

*Lieutenant Patrick A. Fayle*, JAGC, USN, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress*, USMC, and *Lieutenant Michael C. Farrow*, JAGC, USNR.

Opinion of the Court

COOK, Judge:

Convicted of soliciting and effecting a sodomous act with a 12-year-old girl, the accused seeks reversal of the findings of guilty on four assignments of error.

Two of the accused's contentions deal with the evidence. The first is that, as a matter of law, the evidence is insufficient to support the findings of guilty by the trial judge, sitting as a general court-martial without court members. The second is that the testimony of the girl falls within the precept that "a conviction cannot be based upon uncorroborated testimony given by . . . [the] victim in a trial for a sexual offense . . ., if . . . the testimony is self-contradictory, uncertain, or improbable." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 153a. We decide both contentions against the accused.

The perimetric facts are undisputed. In mid-August 1974, the accused worked as a hospital corpsman in ward 9, a children's ward, at a Naval hospital in Florida. A senior corpsman "orient[ed]" him as to his duties and instructed him, in part, that, when in the room of a female patient, he was "not to close the door." In the ensuing months, the senior corpsman observed the accused's performance, and would have rated it "high." In general, he considered the accused "an alright guy." Other persons, in and out of service, also lauded the accused's performance of duties, and regarded him as a person of very good moral character.

About noon on October 8, the girl was admitted to ward 9 as a patient. She suffered from asthma and was in the hospital for observation. She was placed in a small room with a single bed. The door to the room was a folding type, and it was left ajar about 12 inches so that hospital personnel could, while passing, "look into" the room. At 4:15 a. m. only two persons were on duty in the ward, a nurse and the accused. The accused told the nurse that he was "going to take a walk." About 15 minutes later, the nurse left the nurse's station to "look around the ward." Approaching the child's room, she noticed that the door was closed. She opened it, and was "surprised" to see the accused. He was standing beside a chair in which the child was seated. The accused had been in the room about 5 minutes.

■ The disputed facts relate to the accused's conduct in the child's room. As the judge made no specific findings of fact, "we must regard all conflicts in the evidence . . . in the light most favorable to the Government." *United States v. Lowry*, 25 U.S.C.M.A. 85, 90, 54 C.M.R. 85, 90, 2 M.J. 55, 58–59 (1976).

After qualifying as a competent witness, the child testified to statements and conduct by the accused that directly proved the factual allegations of the charges. Testifying in his own behalf, the accused denied all the incriminatory matters. Thus, as defense counsel contended in his final argument, the accused's guilt turned "basically" upon whether the trial judge believed the child or the accused. "All these witnesses that have been brought in," said defense counsel, "don't change that fact." Appellate defense counsel also recognize the pivotal nature of the child's testimony, and they posit several reasons to support their contention that its probative value is insufficient to prove guilt beyond a reasonable doubt.

■ First, while conceding the accused had the child move from the bed to a chair, defense counsel maintain that any purpose for that action other than to relieve the child of discomfort, as asserted by the accused in his testimony, is so improbable and lacking in "sense" as to deprive the child's account of what happened of any sort of credibility. However, in our opinion, the trial judge could reasonably have concluded that the change of position was effected to better achieve the accused's sexual act. Secondly, counsel suggest that the child's "failure either to resist . . . or to seek aid" is so illogical and inconsistent with "normal human experience" as to destroy her credibility. Government counsel discount the argument because it disregards

the "tender" age of the child and the fact that she was "under medication."[1] These factors, along with the accused's status as a hospital corpsman, could, in our view, reasonably have persuaded the trial judge, as the factfinder, to disregard the absence of overt protest or resistance by the child in assessing her credibility.

■ Appellate defense counsel offer other objections to according probative value to the child's testimony. These objections focus on differences between what she testified to and what other witnesses said. Among other things, counsel argue that the child's description of the accused's clothing does not correspond with that of the ward nurse,[2] and that the child said she had been admitted to the hospital "a few days" before the alleged offense, but she had actually been admitted at noon on October 8. None of the differences impress us as depreciating the child's testimony as to the crucial facts. We are satisfied that the record contains competent and credible evidence from which the trial judge "could find, *beyond a reasonable doubt,* the existence of every element" of the offenses charged. *United States v. Taylor,* 21 U.S.C. M.A. 220, 222, 44 C.M.R. 274, 276 (1972) (emphasis in text). We are equally satisfied that the child's testimony is not so "self-contradictory, uncertain, or improbable" as to mandate reversal of the findings of guilty.

The remaining two assignments of error concern a defense request for four witnesses who were expected to testify on the merits. The request was granted as to two

of the witnesses, but denied as to the others.

■ Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846, provides that "[t]he trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses . . . in accordance with such regulations as the President may prescribe." Paragraph 115a, Manual, *supra,* defines the procedure. Appellate defense counsel contend that the Manual provision improperly discriminates against an accused because it imposes burdens in the procurement of a defense witness that are not imposed upon the Government. Over the years, application of the provision to defense requests for witnesses has been considered by this Court. Among the most recent cases are *United States v. Jouan,* 3 M.J. 136 (C.M.A.1977); *United States v. Willis,* 3 M.J. 94 (C.M.A.1977). While we have never approached the question directly from the standpoint of the present challenge, we have applied the paragraph in ways that leave no doubt that an accused's right to secure the attendance of a material witness is free from substantive control by trial counsel. Further, none of the alleged inequities asserted by appellate defense counsel have interfered with this accused's request for witnesses or improperly required advance disclosure of the defense case. We, therefore, put aside counsel's invitation to consider, in the abstract, the validity of particular parts of paragraph 115a.

---

1. The child took medication to ease her breathing. The medication also acted as a "sedative" and made one "drowsy." The child had received her prescribed dosage at 3 a. m., and when the accused entered her room, she was just "about" to fall asleep.

2. The nurse's description of accused's attire appears in the following extract of her testimony:

> Q. Was the accused wearing the normal corpsman uni—clothing for the night duty?
> A. Yes.
> Q. And what is that?
> A. They have white pants and they have on white jackets.

Q. A smock type?
A. (The witness shook her head indicating, "Yes").
The child's description is as follows:
Q. Do you recall what—what he was wearing when he came to your room that night?
A. He was wearing his whites. His what [sic] uniform.
Q. Is that with a white shirt like he has on now?
A. Yes.
Q. What was he wearing in the morning?
A. I think it was his—his—his blue uniform—cap and blue pants.

■ Reviewing the record and considering the arguments of counsel, we have concluded that the judge's denial of the request, as presented, was improper and prejudicial to the accused. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977).

The decision of the United States Navy Court of Military Review is reversed, and the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I agree with the majority that the military judge erred in denying the defense request for the witnesses in question, and that accordingly, the relief ordered is appropriate. Because of the relief we order, I feel it unnecessary to give full treatment to the issue framed by counsel concerning the vitality of paragraph 115a of the Manual for Courts-Martial, United States, 1969 (Revised edition); but I think that to the extent this provision imposes improper restrictions upon defense access to witnesses and requires approval by the prosecution as a prerequisite for the appearance of defense witnesses, it is clearly in conflict with Article 46,[1] and is improper. *See United States v. Larneard*, 3 M.J. 76, 83 (C.M.A.1977) (Fletcher, C. J., concurring).

Although I feel that serious questions as to the factual sufficiency of the evidence were presented in this case, I feel these must properly remain within the province of the fact finders, and not the decisions of this Court. *United States v. Brown*, 3 M.J. 402 (C.M.A.1977) (Fletcher, C. J., dissenting); *United States v. Lowry*, 25 U.S.C.M.A. 85, 54 C.M.R. 85, 2 M.J. 55 (1976).

1. Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846.