**UNITED STATES, Appellee,**

v.

**Private (E-1) William T. JEFFERSON, SSN 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, United States Army, Appellant.**

**SPCM 13282.**

U. S. Army Court of Military Review.

20 June 1978.

Captain Kevin E. O'Brien, JAGC, was on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Glen D. Lause, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

The appellant was convicted pursuant to his plea of aggravated assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928, and robbery in violation of Article 122, UCMJ. He alleges that the bench trial that convicted him was without jurisdiction due to recruiter misconduct, citing *United States v. Rus-*

*so,* 1 M.J. 134 (C.M.A.1975), and *United States v. Brown,* 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974). The appellant further alleges that the military judge did not conduct an adequate inquiry into the conditions and meaning of the pretrial agreement. We will dispose of the latter allegation first.

## I

■ Appellant alleges, *inter alia,* that the trial judge did not explain the cancellation provisions of the agreement. A careful reading of the record of trial reveals that the trial judge: explained the cancellation provision of the agreement; obtained the comportment of all parties; insured that appellant understood all the provisions of the agreement by a thorough examination of the appellant; ascertained that the written agreement contained all the provisions of the pretrial agreement; satisfied himself of the appellant's understanding of the sentence portion of the agreement; delayed looking at the quantum portion of the agreement until after he had sentenced the appellant; and also at that time inquired of the appellant's comprehension of the various provisions of the agreement concerning the quantum of the sentence, all in compliance with *United States v. King,* 3 M.J. 458 (C.M.A.1977); *United States v. Green,* 1 M.J. 453 (C.M.A.1976); *United States v. Elmore,* 1 M.J. 262 (C.M.A.1976); and *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). We therefore find that the military judge's inquiry comported with the requirements of the law and this assignment of error is without merit.

## II

■ Allegations of recruiter misconduct, not unlike allegations of rape, are easily made and difficult of proof or defense; or borrowing from the oft-quoted maxim of Sir Mathew Hale, "[Recruiter misconduct] is an accusation easily made and hard to be proved and harder to be defended by the party accused, though ever so innocent." It is necessary, Hale continued, "to be the more cautious upon [allegations] of this nature." 1 Hale, Pleas of the Crown, 635, 636. The appellant testified under oath that on the day of his enlistment he told his recruiter of two prior juvenile felony convictions, which would have disqualified him for entry into the Army. He further testified that the recruiter told him to falsify the recruiting documents by omitting references to the convictions. Additionally, he avers that the recruiter provided him with the entry qualification test ahead of time and by so doing the recruiter failed to comply with Army Recruiting Regulations, especially AR 601–210. This testimony, if believed by the trial fact finder, would have been fatal to jurisdiction. *United States v. Russo, supra.*

In support of these allegations the appellant further testified that he had known the recruiter, Staff Sergeant "S", for some time through the appellant's sister, an Army enlisted woman, to whom Sergeant "S" was engaged to be married and with whom he had a "living arrangement." Sergeant "S", called as a rebuttal witness by the Government, corroborated these facts. Sergeant "S" indicated he had known the appellant and his family for over two years.

Sergeant "S" testified quite candidly that he did know a great deal about the appellant and his family, but that contrary to the appellant's testimony, Sergeant "S" repeatedly denied any knowledge of the appellant's police record. Moreover, he denied furnishing the appellant the entrance examination. Rather, he stated he provided appellant with a recruiting booklet, "A Time for Decision," and an additional copy of an excerpt from that booklet dealing with blocks and space perception. Both of these items were authorized to be given applicants to familiarize them with what to expect on the actual test. They were examples only and not the actual test. The appellant's testimony and that of Sergeant "S" was substantially all of the evidence presented on the jurisdiction question.

Sergeant "S's" testimony categorically contradicts the appellant's testimony. Thus, the trial judge was faced squarely with a credibility of witnesses question. He resolved that question against the accused.

Appellate defense counsel urge that Sergeant "S's" testimony is not worthy of be-

lief. We disagree. He testified that he had been a recruiter for over two of his five years in the Army; that he had "made [his] mission every month," and that he was "over a hundred and forty percent, which is well over percentage that you need as a recruiter." He had received the Army Commendation medal for his achievements as a recruiter as well as Recruiter of the Year and the Army Gold Recruiter's Badge for his efforts. A close reading of the record shows his testimony to be responsive, candid and believable. This allegation of misconduct was the first against him and his explanation of why he would not participate in a fraud is worthy of belief. We find this especially so in view of his close relationship with the appellant's family.

In keeping with Article 66(c), UCMJ, we have carefully considered the record, weighed the evidence, judged the credibility of the witnesses and determined the controverted question of fact. We recognize that the trial judge saw and heard the witnesses and personally observed and compared the witnesses' appearance, demeanor, and testimony; thus on this record we find the allegation of recruiter misconduct to be analogous to the offense referred to by Sir Mathew Hale, *supra*, and that it was properly defended by the Government.

We sustain the trial judge. *United States v. Sikorski*, 21 U.S.C.M.A. 345, 45 C.M.R. 119 (1972); *United States v. Frierson*, 20 U.S.C.M.A. 452, 43 C.M.R. 292 (1971); *United States v. Baldwin*, 17 U.S.C.M.A. 72, 37 C.M.R. 336 (1967); *United States v. Remele*, 13 U.S.C.M.A. 617, 33 C.M.R. 149 (1963); *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958).

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge COOK concur.