UNITED STATES, Appellee,

v.

Kelly G. KNUDSON, Specialist Four, U. S. Army, Appellant.

No. 41176.
CM 439332.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellant: *Captain Joseph A. Russelburg* (argued); *Major Raymond C. Ruppert* (on brief); *Major Robert C. Rhodes, Captain Edmund S. Bloom, Jr.*

For Appellee: *Captain Kenneth H. Clevenger* (argued); *Major John T. Edwards* (on brief); *Colonel R. R. Boller.*

OPINION OF THE COURT

COOK, Judge:

The accused contends that the evidence is not sufficient to sustain the findings of

guilty of aiding and abetting in the wrongful introduction and transfer of lysergic acid diethylamide.[1] We disagree and affirm.

The accused was tried by general court-martial, military judge alone, and was convicted, despite his pleas, of wrongfully introducing lysergic acid diethylamide (LSD) onto Fort Lewis, Washington, and wrongfully transferring LSD on two occasions, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The adjudged and approved sentence extends to a dishonorable discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances, and reduction to E-1. The Court of Military Review affirmed in a memorandum opinion.

The accused was tried on the theory of his aiding and abetting the criminal activities of one Shaw. Sergeant Gardner, a government agent working undercover, testified that Shaw transferred LSD to him on October 2, 1979. At that time the two made arrangements for a subsequent sale. On October 4, Gardner returned to Shaw's unit area, and, being unable to locate Shaw, asked several people where Shaw could be found. Eventually Gardner encountered the accused who asked why Gardner wanted to see Shaw. Gardner replied, "Well, he is supposed to have something for me." The accused then responded, "Oh, you mean the LSD. He's still got some." The accused then provided a pen and paper for Gardner to leave a note for Shaw who was not then in the area. Ultimately, the second transfer was consummated.

Subsequently, on October 23, 1979, after proper advisement of rights, the accused made two statements to agents of the Army Criminal Investigation Command, in which he admitted giving Shaw $100 for the purchase of LSD with the understanding that Shaw would sell the LSD and repay him with a profit of an additional $100. The accused admitted directing persons seeking to buy LSD to Shaw. In the second statement the accused admitted driving Shaw to an off-post residence to buy LSD. In neither statement did the accused acknowledge participation in either of the two transfers of LSD to Gardner.[2]

■ The prosecution introduced a written statement made by Shaw to a government investigator, not for "the truth of the matter stated therein," but for the purpose of establishing "a foundation showing the existence of a conspiracy." Defense counsel objected on the ground that conspiracy was not charged. The military judge properly overruled the objection. The absence of a specific conspiracy charge is without legal significance in determining whether the statements of a co-conspirator are admissible against the accused. *United States v. Avila-Macias*, 577 F.2d 1384, 1388 (9th Cir. 1978); *United States v. Trowery*, 542 F.2d 623 (3d Cir. 1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1132, 51 L.Ed.2d 555 (1977). The military judge then allowed Sergeant Gardner to relate an oral statement made by Shaw to the effect that he and the

---

1. We granted the accused's petition for review on this issue:

    WHETHER THE ADMISSIBLE EVIDENCE OF RECORD, ADMITTED FOR THE TRUTH OF THE MATTERS ASSERTED, IS SUFFICIENT TO SUSTAIN THE FINDINGS OF GUILTY OF AIDING AND ABETTING IN THE WRONGFUL INTRODUCTION AND TRANSFERS OF LSD.

2. At trial, the government agent who took the statements was permitted to read the contents to the military judge. However, when trial counsel sought to introduce the written documents into evidence, defense counsel requested that the military judge reserve his decision un-

til the conclusion of the defense's case. The military judge acceded to his request. Apparently, the matter was forgotten and the military judge did not take the exhibits with him when he closed for findings' deliberations. However, both counsel argued the contents of the statements to the military judge prior to findings. We find no decisional consequence in the fact that the documents themselves were never admitted. The staff judge advocate correctly advised the convening authority to ignore the written documents in his review of the case submitted pursuant to Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861.

accused were intending to "probably buy another 100 units on Monday or Tuesday." [3]

As to the question of the two transfers, there is no factual dispute. It is the connection of the accused to these transfers that the accused contests.

Paragraph 156, Manual for Courts-Martial, United States, 1969 (Revised edition) states:

If there is a concert of purpose to do a given criminal act, and that act is done by one of the parties, all probable results that could be expected from the act are chargeable to all parties concerned; but in order to make one liable as a principal in such a case, the offense committed must be one embraced by the common venture or an offense likely to result as a natural or probable consequence of the offense directly intended.

In *United States v. Wooten*, 1 U.S.C.M.A. 358, 363, 3 C.M.R. 92, 97 (1952), we quoted with approval the holding in *United States v. Pritchard*, 55 F.Supp. 201 (W.D.S.C.1944), *aff'd. sub. nom. Waters v. United States*, 145 F.2d 240 (4th Cir. 1944), as follows:

It is not necessary that he shall be the originator of the design to commit the crime; it is sufficient if, with knowledge that another intends to commit a crime, he encourages and incites him to carry out his design; nor is it essential that any specific mode for perpetrating the crime shall be counseled, encouraged or commanded. The communication between the accessory and the principal may be through a third person, and it is not necessary either that the accessory shall know by whom the crime is actually to be committed, or that the identity of the accessory be known to the principal in the crime.

It is clear from the accused's statements that he shared in the procurement of the LSD with Shaw, its introduction onto the post, and in the common purpose that the LSD be sold by Shaw for a profit. The law requires that it be established that there is a concert of purpose or the aiding or encouraging of the commission of the criminal act and a conscious sharing of the criminal intent. *United States v. Burroughs*, 12 M.J. 380 (C.M.A. 1982), citing *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955). The fact that the accused did not know in advance of the particular transfers or the parties to whom the transfers would be made does not relieve him of criminal responsibility. *United States v. Dunbar*, 12 M.J. 218 (C.M.A.1982). All that is necessary is to show some affirmative participation which at least encourages the principal to commit the offense in all its elements as defined by the statute. Actual participation in the substantive crime is not required so long as the elements of aiding and abetting are established. *United States v. Raper*, 676 F.2d 841 (D.C.Cir.1982). The Government's evidence, as found by the military judge, establishes that the accused did participate in a concert of purpose with Shaw which resulted in the introduction and transfer of LSD.[4] If there is competent evidence from which the trier of fact can find every element of the offenses charged beyond a reasonable doubt, those findings should not be disturbed by this Court on review. *United States v. Grandy*, 11 M.J. 270 (C.M.A.1981); *United States v. Arias*, 3 M.J. 436 (C.M.A.1977); *United States v. Brown*, 3 M.J. 402 (C.M.A.1977); *United States v. Frierson*, 20 U.S.C.M.A. 452, 43 C.M.R. 292 (1971); *United States v. McCrary*, 1 U.S.C.M.A. 1, 1 C.M.R. 1 (1951).

3. "When the existence of a conspiracy is in issue ... evidence of any act or other conduct of each of the alleged conspirators tending to prove the conspiracy, including evidence of statements offered for a purpose other than as tending to prove the truth of the matters stated, is admissible for the purpose of showing the existence of the conspiracy, and this is so even if the act or other conduct occurred after the

conspiracy had ended." Para. 140*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). *See also* Annot., 44 A.L.R.Fed. 627 (1979); *United States v. Stokes*, 12 M.J. 229 (C.M.A.1982).

4. The Court of Military Review also found against the accused on the sufficiency-of-evidence issue.

The decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

EVERETT, Chief Judge (concurring in the result):

Over objection, the Government was allowed to introduce a written confession made to a government investigator by Shaw—the seller of the drugs. In admitting this evidence, the military judge apparently relied on the provision in the Manual for Courts-Martial that

> [w]hen the existence of a conspiracy is in issue, either on the merits or as a foundation for the admissibility of evidence, evidence of any act or other conduct of each of the alleged conspirators tending to prove the conspiracy, *including evidence of statements offered for a purpose other than as tending to prove the truth of the matters stated*, is admissible for the purpose of showing the existence of the conspiracy, and this is so even if the act or other conduct occurred after the conspiracy had ended.

Paragraph 140*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). (Emphasis supplied). *See* Mil.R.Evid. 801(d)(2)(E).

Under the Manual language the confession of Shaw was not admissible because, apart from its truthfulness, Shaw's confession would have no relevance to appellant's case. The *fact* that the confession was made does not tend to establish in this case that a conspiracy existed; only if the contents of the confession are true would it have this effect. Furthermore, receipt of this statement involves the very dangers which concerned the Supreme Court in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

Despite the reception of this inadmissible evidence, I am convinced that appellant suffered no prejudice. His own statements were before the trier of fact for consideration and amply established that he aided and abetted the drug offenses with which he was charged. *Cf. United States v. Burroughs*, 12 M.J. 380 (C.M.A.1982). Accordingly, I concur in affirming the decision below.