**428**

UNITED STATES, Appellee,

v.

Michael A. WILLIAMS, Private First Class, U.S. Army, Appellant.

No. 42639.

CM 440077.

U. S. Court of Military Appeals.

Jan. 17, 1983.

For Appellant: *Captain Warren G. Foote* (argued); *Major Raymond C. Ruppert, Captain Dennis E. Brower* (on brief); *Colonel Edward S. Adamkewicz, Jr., Colonel William G. Eckhardt.*

For Appellee: *Captain Eugene R. Milhizer* (argued); *Colonel R.R. Boller, Major John T. Edwards, Major Rexford T. Bragaw, III* (on brief).

*OPINION OF THE COURT*

PER CURIAM:

The accused was tried by general court-martial and was convicted, despite his pleas, of kidnapping, in violation of 18 U.S.C. § 1201(a)(2) and Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The issue before us is:

WHETHER THE EVIDENCE WAS SUFFICIENT TO ESTABLISH THAT THE KIDNAPPING CHARGED UNDER 18 U.S.C. § 1201(a)(2) OCCURRED WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES (18 U.S.C. § 7).

The specification of which the accused stands convicted alleges that the kidnapping occurred at "Fort Hood, Texas, a military installation" and that it was "in violation of 18 United States Code, § 1201(a)(2)." The court members were properly instructed that "in order to find the accused guilty . . . you must be satisfied by legal and competent evidence beyond reasonable doubt of the following matters;

First, that at Fort Hood, Texas, on or about the 16th of July of 1980 about 0200 hours, that the accused unlawfully kidnapped a Private E–1 Warren S. Nipper.

By their finding of guilty the members resolved adversely to the accused the question of where the kidnapping occurred and this finding is binding on us if "the record

contains competent and credible evidence ... '... *beyond a reasonable doubt*'" to support it. *United States v. Arias,* 3 M.J. 436, 438 (C.M.A.1977); *see also United States v. Grandy,* 11 M.J. 270 (C.M.A.1981); *United States v. Taylor,* 21 U.S.C.M.A. 220, 44 C.M.R. 274 (1972); *United States v. McCrary,* 1 U.S.C.M.A. 1, 1 C.M.R. 1 (1951). We are satisfied that the record contains such evidence.

■ However, the specification alleges a violation of 18 U.S.C. § 1201(a)(2), which requires proof that the kidnapping occurred "within the special maritime and territorial jurisdiction of the United States." Thus, this is an offense tried under that portion of Article 134 relating to "crimes and offenses not capital," and it is necessary to establish "the geographical boundaries of the areas in which" the statute applies. Para. 213e (2),* Manual for Courts-Martial, United States, 1969 (Revised edition).

The "special maritime and territorial jurisdiction of the United States" includes:

Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3). Evidence as to the nature of jurisdiction over Fort Hood was not developed at trial. Since this is a mixed question of law and fact, *see United States v.*

*Keller,* 451 F.Supp. 631 (D.Puerto Rico 1978); *United States v. Lewis,* 111 Fed. 630 (CC.Tex.1901), the case must be returned for a limited evidentiary hearing. *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

The record of trial is returned to the Judge Advocate General of the Army, who will send the case to the convening authority for referral to a military judge for a hearing to determine the following matters:

1. The boundaries of Fort Hood, Texas;

2. The types of Federal jurisdiction over the entirety of Fort Hood;

3. The history of and documents relating to the acquisition of jurisdiction by the United States over Fort Hood, Texas, including:

a. the cession of jurisdiction over Fort Hood by the State of Texas to the United States, and

b. the acceptance of jurisdiction by the United States (40 U.S.C. § 255).

4. The location of places described in the record as pertaining to the events of the offense.

The military judge will take testimony and receive such documentary evidence as he deems relevant to the above matters. At the conclusion of the proceedings he will enter findings of fact and conclusions of law thereon. After the record is authenticated, it will be returned directly to this Court for further action.

---

* The trial participants may have considered this as an offense prosecuted under the first or second clause of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, as a disorder or neglect to the prejudice of good order and discipline or an offense of a nature to bring discredit upon the armed forces, *see* para. 213e (2), Manual for Courts-Martial, United States, 1969 (Revised edition), since the military judge instructed the members "that ... the conduct of the accused would be to the prejudice of good order and discipline in the Armed Forces or of such a nature as to tend to bring discredit upon the Armed Forces." *See also* para. 127c, Manual, *supra.*