**UNITED STATES, Appellee,**

v.

**Private First Class Brek BARTOLE, SSN 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, United States Army, Appellant.**

**No. CM 442281.**

U.S. Army Court of Military Review.

13 May 1983.

Captain Peter R. Huntsman, JAGC, and Captain John Lukjanowicz, JAGC, were on the pleadings for appellant.

Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADA-MI, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

### PER CURIAM:

Appellant was found guilty of rape and kidnapping in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920 and 934 (1976), and sentenced by a general court-martial composed of officer members to a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay for five years, and reduction to Private E–1. The convening authority in his action reduced the confinement portion to three years and otherwise approved the sentence as adjudged.

On 30 December 1982, this Court affirmed the findings of guilty and the sentence. However, we subsequently ordered the decision held in abeyance pending reconsideration in light of the Court of Military Appeals decision in *United States v. Williams,* 14 M.J. 428 (C.M.A.1983).

■ In *Williams,* as in the case *sub judice,* the kidnapping specification alleged a violation of the federal statute 18 U.S.C. § 1201(a)(2) made applicable under clause 3 of Article 134, UCMJ. That statute requires proof that the offense occurred, "within the special maritime and territorial jurisdiction · of the United States." This jurisdiction includes:

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3). In *Williams* the Court determined that a limited evidentiary hearing was required because "[e]vidence as to the nature of jurisdiction over Fort Hood [the military installation alleged] was not developed at trial." *Id.* 14 M.J. at 429. The Court did not reach the issue of whether an appellate court might judicially note the nature of the federal interest in a military installation.[1] We decide that issue and hold that, under the circumstances of this case, we may take judicial notice that Fort Belvoir is within the "special maritime and territorial jurisdiction of the United States."

In *United States v. Rowe,* 13 U.S.C.M.A. 302, 32 C.M.R. 302 (1962), the Court of Military Appeals upheld the practice of trial courts taking judicial notice of the Federal interest in military installations. We see no reason why this fact may not be noted by an appellate court, even though judicial no-

---

1. Unlike *United States v. Williams,* 14 M.J. 428 (C.M.A.1978), the instant case is *not* a mixed question of fact and law involving a dispute as to the location of the offense and the geographical boundaries of the area to which the statute applies. Here we are not confronted with a trial record with conflicting evidence of *where* the offense occurred for the offense occurred on Fort Belvoir. The remaining question of whether Fort Belvoir falls within the special maritime and territorial jurisdiction of the United States is one of Virginia law. This question may be readily resolved by reference to Virginia statutes, and is not subject to reasonable dispute.

**536**

tice was not taken by the trial court.[2] Rule 201(f), Military Rules of Evidence provides that "judicial notice may be taken at any stage of the proceeding," and the Editorial Comment to the rule explains that it permits the taking of judicial notice "either at the trial or appellate level." L. Saltzburg, L. Schinasi and D. Schleuter, Military Rules of Evidence Manual, 40 (1981). This subdivision is taken from the Federal Rules of Evidence without change. The federal courts have similarly interpreted Fed.R. of Evid. 201(f) to permit judicial notice on appeal, at least where the law or facts are not subject to reasonable dispute. *United States v. Thomas,* 610 F.2d 1166 (3d Cir. 1979); *Gov't of Canal Zone v. Burjan,* 596 F.2d 690 (5th Cir.1979). Cases decided prior to implementation of the Federal Rules of Evidence are also consistent with this practice. *United States v. Harris,* 530 F.2d 576 (4th Cir.1976); *United States v. Mauro,* 501 F.2d 45 (2d Cir.), *cert. denied* 419 U.S. 969, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974); *United States v. Schuster,* 220 F.Supp. 61 (E.D.Va. 1963).

Subdivision (g) of the Rule requires an instruction be given to the court members "that they may, but are not required to, accept as conclusive any matter judicially noticed." The failure of the trial court to take judicial notice of the nature of the Federal interest in Fort Belvoir and instruct the court members as required was error. However, as to prejudice, it is unlikely, in view of the record, that the court members would have acquitted the accused had they been told they were not bound by the taking of judicial notice. There is no dispute that the offense occurred within the boundary of Fort Belvoir and section 7.1–18.1 of the Code of Virginia (Supp.1982) specifically provides that Virginia has ceded concurrent jurisdiction to the Federal Government over military forts of which Fort Belvoir is included. *United States v. Schuster, supra.* Unlike *Williams* the specification contained the allegation that the act occurred in "the special maritime and territorial jurisdiction of the United States." The appellant cannot seriously contend that he would have disputed the jurisdictional allegation, let alone argue that he was prejudiced by the lack of proof at trial that Fort Belvoir was a Federal enclave as defined by 18 U.S.C. § 1201(a)(2).

■ The evidence of appellant's guilt is overwhelming. The record amply supports the court members' determination that the offense occurred on Fort Belvoir. Under the circumstances the failure of the trial court to take judicial notice of the nature of the Federal interest in Fort Belvoir or instruct the court members on the taking of judicial notice is harmless.[3]

The decision of this Court in this case, dated 30 December 1982, is withdrawn. The findings of guilty and the sentence are affirmed.

---

2. Mil.R.Evid. 201(b) provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known universally, locally, or in the area pertinent to the event or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

3. It is arguable that the specification as drafted could be upheld as an offense under the first two clauses of Article 134, Uniform Code of Military Justice, even though the charge was laid under the third clause of the Article. *See United States v. Mayo,* 12 M.J. 286 (C.M.A. 1982). We need not reach this issue in view of our present holding.