234

**UNITED STATES, Appellee,**

v.

**Brek BARTOLE, Private First Class, U.S. Army, Appellant.**

No. 46,803.

CM 442281.

U.S. Court of Military Appeals.

Jan. 27, 1986.

For Appellant: *Colonel William G. Eckhardt, Major Robert M. Ott, Captain Frank J. DiGiammarino* (on brief); *Lieutenant Colonel Paul J. Luedtke, Captain Michael T. Kelly, Captain John Lukjanowicz.*

For Appellee: *Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth, Captain Leonard L. Lucey* (on brief); *Lieutenant Colonel Thomas M. Curtis.*

*Opinion of the Court*

PER CURIAM.

Contrary to his pleas, appellant was convicted by general court-martial of kidnap-

ping and rape, in violation of Articles 134 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 920, respectively. The trial court sentenced appellant to a dishonorable discharge, confinement at hard labor and forfeiture of all pay for 5 years, and reduction to the lowest enlisted grade. The convening authority reduced the confinement and forfeitures to 3 years but otherwise approved the sentence. The Court of Military Review affirmed. 16 M.J. 534 (1983).

We granted appellant's petition for review to consider the following issues:

I

WHETHER THE EVIDENCE WAS SUFFICIENT AS A MATTER OF LAW TO ESTABLISH THAT THE KIDNAP-PING CHARGED AS A VIOLATION OF 18 U.S.C. § 1201 OCCURRED WITH-IN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES (18 U.S.C. § 7).

II

WHETHER THE MILITARY JUDGE ERRED IN FAILING TO INSTRUCT THE MEMBERS REGARDING A SPE-CIFIC ELEMENT OF THE CRIME OF KIDNAPPING.

III

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED WHEN IT TOOK JUDICIAL NOTICE OF AN ELEMENT OF THE OFFENSE OF KID-NAPPING THAT THE GOVERNMENT HAD FAILED TO PROVE AT TRIAL IN ORDER TO AFFIRM APPEL-LANT'S CONVICTION OF KIDNAP-PING.

In view of our disposition of the first issue, we need not address the other issues.

■ Appellant was charged with kidnap-ping under the third clause of the general article, Article 134, which incorporates fed-eral "crimes and offenses not capital." The evidence showed that he and another soldier convinced Ms. Yvonne Greene to give them a ride from an off-base bar to Fort Belvoir. Once there, the pair directed her to drive to an area near a unit motor pool on the base. Appellant and his co-ac-tor then raped her.[1]

The military judge instructed the mem-bers that they could find appellant guilty of kidnapping if they found

> that at Fort Belvoir, Virginia, ... the accused ... unlawfully kidnapped, car-ried away, seized or inveigled Yvonne G. Greene; that the act was against the will of Yvonne G. Greene; that ... [the ac-cused] kidnapped Yvonne G. Greene by luring her or inveigling her to drive to a secluded place on Fort Belvoir and/or by forcibly taking her in and out of the car and/or by stealing her keys or threaten-ing her with a knife .... And ... that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

He also defined service-discrediting con-duct and conduct prejudicial to good order and discipline.

■ Appellant argues that, because he was charged with kidnapping as a crime or offense not capital, we may affirm his con-viction only if there is affirmative evidence that the kidnapping occurred in the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 7. How-ever, a servicemember also may be prose-cuted for kidnapping under either of the first two clauses of the general article. Such a prosecution requires that the of-fense be defined in terms of the "single crime" defined in 18 U.S.C. § 1201 and that the conduct be either prejudicial to good

---

1. Even if the initial trickery by which appellant and his co-actor diverted Ms. Greene to the motor pool occurred off base, the second of the acts of kidnapping including the assault which led to the rape clearly took place on Fort Bel-

voir. Therefore, the court-martial had subject-matter jurisdiction over the kidnapping, regard-less of where it actually took place. *See United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983).

order and discipline or service-discrediting. *United States v. Scholten*, 17 M.J. 171 (C.M.A.1984).

■ The specification in this case is sufficient to plead kidnapping as either prejudicial to good order and discipline or service-discrediting because a specific averment to that effect is not required. *United States v. Mayo*, 12 M.J. 286 (C.M.A.1982); *United States v. Williams*, 8 U.S.C.M.A. 325, 24 C.M.R. 135 (1957); para. 213*a*, Man-

2. Under our analysis and in view of the instructions of the military judge, we need not determine whether the averment that the offense was in violation of 18 U.S.C. § 1201 was surplusage.

3. The Court of Military Review suggested that the findings could be affirmed as a violation of

ual For Courts-Martial, United States, 1969 (Revised edition).[2] Because the members were properly instructed as to the elements of the offense under the first two clauses, we may affirm the findings on that basis. *United States v. Craig*, 19 M.J. 166 (C.M.A.1985); *United States v. Scholten, supra; see also United States v. Jones*, 20 M.J. 38 (C.M.A.1985).[3]

The decision of the United States Army Court of Military Review is affirmed.

these clauses of the general article. 16 M.J. 534, 536 n. 3 (1983).