**UNITED STATES, Appellee,**

v.

**Staff Sergeant Robert W. ANDERSON, III, 456–90–3933, United States Army, Appellant.**

**ACMR 8600952.**

U.S. Army Court of Military Review.

25 April 1988.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Dale K. Marvin, JAGC, Captain Richard J. Anderson, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before DeFORD, KANE and HOWE, Appellate Military Judges.

## OPINION OF THE COURT

HOWE, Judge [*]:

Appellant was tried by a military judge sitting as a general court-martial on 22 October 1986, at Fort Stewart, Georgia. He was convicted of two specifications of indecent acts and one specification of carnal knowledge in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. His approved sentence included a dishonorable discharge, confinement at hard labor for seven years, forfeiture of $500 pay per month for 84 months and reduction to E-1.

On appeal, appellant contends that his conviction is the product of unlawful command influence, that there is insufficient evidence to sustain a finding of guilty to the offense of carnal knowledge and that his sentence is inappropriately severe. On the matter of sentence appropriateness, it is submitted that appellant was a regressed offender rather than a fixated offender who could be treated and rehabilitated within two years. Furthermore, he was a 15-year service member with an outstanding military record who was undergoing treatment prior to the referral of these charges.

■ The thrust of his allegations regarding command influence stem from the role played by an Army officer in assisting appellant's family to relocate from Fort Stewart to Oklahoma prior to the referral of court-martial charges. Appellant contends that such actions influenced the command against him by making his wife and children unavailable for the Article 32 Investigation and by preventing lower action commanders from disposing of the charges through other courses of action consistent with paragraph 7-3b, Department of Army Regulation 608-1, dated 28 March 1986.

Appellant further argues that the Army officer influenced Major General (MG) Cooley's decision to refer the case to general court-martial by presenting the convening authority with an accomplished fact, a broken and separated family. In the alternative, it is contended that if the actions of the Army officer and the convening authority, MG Cooley, were in concert, they were improper because referral to general court-martial circumvented the advice of Captain (Dr.) Schmitt of the Family Advocacy Program who was treating appellant and maintained that he could be rehabilitated.

We have considered the statements and supporting documents submitted by appellant along with the record of trial and the argument of counsel. We find no command influence.

We find from appellate submissions that Mrs. Anderson reported her husband to military authorities upon learning that there was "something improper" going on between appellant and her eldest daughter, the victim. She then made plans to move herself and her three children to Oklahoma. Due to financial straits, appellant's family could not afford the move without government assistance. After appellant's chain of command proved unresponsive to her pleas for assistance, Mrs. Anderson sought the help of Colonel (COL) H., the commander, Division Support Command, for whom Mrs. Anderson had previously worked. COL H. worked through various military channels to obtain moving assistance and entitlements for Mrs. Anderson. On 4 August 1986, Mrs. Anderson and her children departed for Oklahoma. On 12 August 1986, charges were preferred against appellant and an Article 32 investigation was held on 17 August 1986. Mrs. Anderson refused to attend the hearing because "she had just gotten a job and hadn't accumulated any leave time" and because she did not want to leave her children. Mrs. Anderson and her daughter returned to Fort Stewart to testify at trial on 22 October 1986.

[*] Judge Charles B. HOWE took final action in this case prior to his release from active duty.

There is no evidence in the record of trial or appellate exhibits to suggest that COL H. discussed the Anderson case with appellant's chain of command and his denial under oath of such contact is a matter of appellate record. The suggestion by appellant that there was "something going on" between COL H. and Mrs. Anderson is mere conjecture, has no foundation in the record of trial and was specifically denied by Mrs. Anderson.

There is no reluctance to find command influence where there is evidence of some action or unauthorized means to influence the disposition of criminal charges. *See, e.g., United States v. Blaylock,* 15 M.J. 190, 193 (C.M.A.1983), and *United States v. Grady,* 15 M.J. 275 (C.M.A.1983). *See also United States v. Navarre,* 17 C.M.R. 32 (C.M.A.1954). However, the burden lies with appellant to produce sufficient evidence to overcome the presumption of regularity which attends courts-martial. *United States v. Cruz,* 20 M.J. 873, 884 (A.C.M. R.1985), *reversed in part,* 25 M.J. 326 (C.M.A.1987). Mere allegations of possibilities are insufficient to carry appellant's burden. *United States v. Breininger,* 20 M.J. 1006 (A.C.M.R.1985). The evidence must be sufficient considering the totality of the circumstances to conclude that actual unlawful command influence affected the court-martial. *United States v. Kennedy,* 21 M.J. 879 (A.C.M.R.1986). As this court noted in *Cruz:*

> Mere possibilities cannot overcome the general presumption of regularity; to hold that they can would hold that the presumption itself does not exist, because in an infinite universe anything is merely possible.

*Id.* at 886.

Indeed, mere innuendos of impropriety to show command influence have been rejected. *See United States v. Ridley,* 22 M.J. 43 (C.M.A.1986) (reversal of findings and sentence was not required where accuser, senior in date of rank to the convening authority, did not attempt to influence dispositions of the case by the convening authority); and *United States v. Thomas,* 22 M.J. 388 (C.M.A.1986) (convening authority's remarks regarding commanders as sentencing witnesses not held to influence appellant's decision to plead guilty).

■ We now turn to appellant's argument that his commanders failed to consider the Army's policy regarding child abuse and its factors when recommending or ordering trial by general court-martial. It is argued that a policy disposition at the lowest appropriate level is embodied in paragraph 7–3b, Army Regulation 608–1, dated 28 March 1986. We do not believe that the cited documents support appellant's argument and specifically reject the contention that this guidance policy is *mandatory* to the exclusion of the military criminal justice system. Army Regulation 608–1 does not address the commander's responsibilities when court-martial action is pursued. This is within his discretion under Article 34, UCMJ, 10 U.S.C. § 834, and Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 407.

This court recognizes that physical and sexual abuse of children is a complex subject which frequently involves a variety of rehabilitative and preventive stratagems. Such strategies cannot consistently be followed under changing circumstances, as they were not in this proceeding.

■ We are not confronted here with a situation where military authorities induced the accused into counseling and then attempted to use statements made to treating personnel without the requisite Article 31, 10 U.S.C. § 831 warnings for the purpose of prosecution. *United States v. McClelland,* 26 M.J. 504 (A.C.M.R.1988). But we see nothing improper in allowing an alleged child sexual abuser to pursue counselling and treatment pursuant to AR 608–1 policy guidelines and then resorting to referral of charges under the UCMJ based on a change of circumstances. Such was the case in this proceeding where the circumstances changed at the behest of the appellant's family, not through arbitrary action of military authorities.

■ We find no merit to the Appellate Defense argument that the Article 32(b) investigating officer erred by not consider-

ing the testimony of the alleged victim and her mother or appellant's evidence in rebuttal. These witnesses were unavailable. Failure to consider the testimony of witnesses who are unavailable does not create fatal defect in the proceeding. *United States v. Matthews*, 16 M.J. 354 (C.M.A. 1983). There is no evidence suggesting that the investigating officer failed to consider evidence presented by appellant.

 We find sufficient evidence to support the findings of guilty to the offense of carnal knowledge. At trial appellant vigorously denied that he committed carnal knowledge against his daughter although he admitted to various indecent acts against the victim. Despite the conflict of testimony on the question of penetration, there was abundant evidence to sustain the military judge's finding of guilty on the charge of carnal knowledge. The victim testified at trial that appellant had inserted his penis into her vagina. She was later examined by a physician who concluded she was "not a virgin", a conclusion which confirmed the time sequence testified to by the victim whose earlier examination by another Army doctor had disclosed the presence of hymenal tissue. Although denying the actual act of intercourse, his testimony further establishes that he had the requisite motivation and opportunity from which the military judge could conclude that appellant maintained the necessary intent. These facts support the victim's testimony that her father did achieve penetration. Notwithstanding appellant's continuing complaints that his daughter was a liar and should not be believed, we give deference to the military judge in light of his superior position to observe and judge the credibility of all witnesses at trial. Article 66(c) UCMJ, 10 U.S.C. § 866(c); *United States v. Frierson*, 43 C.M.R. 292, 294 (C.M.A.1971); *United States v. Albright*, 26 C.M.R. 408, 411 (C.M.A.1958); *United States v. Evans*, 6 M.J. 577, 579 (A.C.M.R.1978), *pet. denied* 6 M.J. 239 (C.M.A.1979).

The findings of guilty are affirmed. Under the totality of the circumstances, particularly appellant's potential for rehabilitation which was presented at trial by Dr. Schmitt, we deem it appropriate to reassess the sentence. Accordingly, this Court approves so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years, forfeiture of $500.00 pay per month for 60 months, and reduction to the grade of Private E-1.

Senior Judge DéFORD and Judge KANE concur.