UNITED STATES, Appellee,

v.

Specialist Four Charles T. WINSTON, Jr., 229–15–0319, United States Army, Appellant.

ACMR 8701909.

U.S. Army Court of Military Review.

31 Oct. 1988.

For Appellant: Captain Harry C. Wallace, Jr., JAGC (argued); Lieutenant Colonel Russell S. Estey, JAGC (on brief).

For Appellee: Captain Joseph P. Falcone, JAGC (argued); Colonel Norman G. Cooper, JAGC; Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, THORNOCK, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of assault with the intent to commit murder, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The appellant was sentenced to the maximum punishment: a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, fifteen years confinement, total forfeitures, and reduction to Private E–1.

 The appellant argues that the evidence is insufficient to sustain his conviction of assault with intent to commit murder. We agree; we find the evidence fails to establish the appellant formed a premeditated design to kill preceding the actual incident. The evidence does establish, however, the lesser included offense of assault by inflicting grievous bodily harm in violation of Article 128, UCMJ, 10 U.S.C. § 928. As for the lesser offense, the evidence is uncontroverted that the appellant and Specialist (SPC) Paiva were engaged in a mutual affray, that the appellant struck SPC Paiva in the head with a section of aluminum pole used to support camouflage netting, and that SPC Paiva suffered a closed head injury which resulted in serious brain damage. We specifically find that the closed head injury suffered by SPC Paiva constituted "grievous bodily harm." UCMJ art. 66(c), 10 U.S.C. § 866(c).

These facts, together with the significant testimonial conflicts which the court members resolved favorably to the government, are sufficient to establish all the elements of assault by intentionally inflicting grievous bodily harm—a lesser offense upon which the members were fully instructed at trial. Thus, while the evidence fails to establish the specific intent to commit murder, it compellingly establishes the appellant's specific intent to inflict grievous bodily harm. In reaching this decision, we have given due deference to the superior position of the members in evaluating the testimonial evidence and determining the reasons for the discrepancies therein. *United States v. Frierson*, 43 C.M.R. 292, 294 (C.M.A.1971).

 The appellant personally contends that the military judge erred in not instructing the members on self-defense. We note that the military judge thoroughly discussed this matter with the trial defense counsel and determined that self-defense was not raised by the evidence. The defense counsel agreed. Viewing the evidence in the light most favorable to the appellant, we conclude it does not raise the special defense of self-defense. Rather, it shows the appellant aggressively participating in an escalating mutual affray.

We have considered the remaining issue personally specified by the appellant and find it to be without merit.

Accordingly, only so much of the finding of guilty is affirmed as finds that the appellant, at the time and place alleged, as-

saulted and thereby inflicted grievous bodily harm upon SPC Paiva in the manner alleged, in violation of Article 128, UCMJ.[1]

■ With regard to the sentence, we note the myriad of aggravating circumstances in this case. They include the force with which the appellant struck SPC Paiva in the head with the aluminum pole,[2] his apparent callous disregard for the unconscious victim as evidenced by his walking away from the scene without checking SPC Paiva's condition, and the severe nature of the injury inflicted, which rendered SPC Paiva unfit for further military service. Moreover, not only did the psychological, cognitive, and somatic difficulties resulting from the injury end SPC Paiva's Army career, but they also adversely affected his personal life, especially his marriage. Also, expert medical testimony indicated that the blow was one inch away from being a probable lethal blow. From the foregoing circumstances, as well as from our review of the entire record, we conclude that, absent the error noted, the maximum permissible punishment for this type of aggravated assault would have been adjudged. In so doing, we note that the court members did, in fact, adjudge the maximum punishment for the offense of which they found the accused guilty. The chance that they would have adjudged less than a maximum sentence on a lesser included offense, given the aggravating circumstances, is to say the least, miniscule. *See United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986).[3] Because we are satisfied this is the least severe sentence that would have been imposed, and because we

find it to be an appropriate sentence in this case, a rehearing on the sentence is unnecessary.

Reassessing the sentence, only so much of it is affirmed as provides for a dishonorable discharge, five years confinement, total forfeitures, and reduction to Private E-1.

Chief Judge HOLDAWAY and Senior Judge THORNOCK concur.

---

1. In addition to instructing the members on assault with intent to commit murder, the military judge instructed them on the lesser included offenses of assault with intent to commit voluntary manslaughter, two kinds of aggravated assault in violation of Article 128, and assault consummated by a battery. We note that factually the offense of maiming, in violation of Article 124, UCMJ, 10 U.S.C. § 924, was raised by the government's evidence. Although a more serious offense than any Article 128 assault (except one involving a loaded firearm), maiming was never mentioned during the military judge's discussion with counsel of the instructions he intended to give.

2. One witness, SPC Morris, who had unsuccessfully attempted to stop the fight, was walking away from the combatants when he heard what sounded like "an aluminum bat hitting a baseball really hard." Specialist Morris then heard something fall and looked back to see a body lying on the ground.

3. Applying the stricter standard of *United States v. Remai*, 19 M.J. 229 (C.M.A.1985), which is used in cases where the error at trial is "one of constitutional magnitude," we find beyond a reasonable doubt that the maximum permissible punishment for the lesser included offense would have been adjudged. *See Sales*, 22 M.J. at 307.