UNITED STATES, Appellee

v

CLAYTON L. CASZATT, Private (E–2), U. S. Army, Appellant

11 USCMA 705, 29 CMR 521

No. 13,896

Decided July 29, 1960

*First Lieutenant Ralph T. Smith* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant Edward J. Lee* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *First Lieutenant Allen I. Saeks.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was brought to trial before a general court-martial on two charges. Charge I alleged willful disobedience on October 6, 1959, of an order by Master Sergeant Thompson "to go to Class Room Three." Charge II alleged willful disobedience on the same day of an order by Captain D. W. Larson to "go to Class Room Three and go to work." The accused pleaded guilty to Charge I and not guilty to Charge II. In his instructions, the law officer advised the court-martial that it could consider the accused's plea of guilty of Charge I "on the question of the accused's intent" in regard to Charge II.[1] The court convicted the accused of both charges and adjudged a sentence which includes confinement at hard labor for twelve months and reduction to the grade of recruit. We granted review to consider whether the instruction constituted prejudicial error.

Service boards of review have consistently held that admissions implicit in a plea of guilty to one offense cannot be used as evidence to support the findings of guilty of an essential element of a separate and different offense. United States v Day, 23 CMR 691; United States v Dorrell, 18 CMR 424; United States v Hughes, 7 CMR 229; United States v Steiner, 3 CMR (AF) 160. The rule was stated in the *Dorrell* case as follows:

"We are constrained to hold that an accused's plea of guilty to one offense is not available as evidence tending to prove an entirely different offense when neither offense is included in the other as a lesser offense thereof.

. . . . . .

". . . To hold a plea of guilty to one offense as an admission supplying a fact common to that offense and also to a completely separate offense to which the accused has pleaded not guilty would

[1] The instruction is as follows:

"As to the element of noncompliance with the order, whether it be a willful disobedience or whether it be a failure to obey, if found by the court, the court may consider not only the evidence presented by the prosecution but the sum total of proof before the court. Included in the proof before the court is the plea of guilty to the Specification of Charge I and Charge I. By comparison of the two specifications and from listening to the evidence, the court may infer that the noncompliance with the order to go to Class Room Three, as alleged in the Specification of Charge I, and the noncompliance to go to Class Room Three and go to work, as alleged in the Specification of Charge II, relate to the same prescribed duty, that the accused is alleged to have the duty to obey. The accused by pleading guilty to the Specification of Charge I has admitted each and every element of the offense of willful disobedience of the noncommissioned officer, Master Sergeant Thompson. One of the elements is his willful noncompliance with the order to go to Class Room Three. The court may, although not necessarily, infer the last element of the Specification of Charge II, that is, the accused at the time and place stated willfully disobeyed the command of his superior officer. I must caution the court, however, that the mere fact he has pleaded guilty to the Specification of Charge II is not an admission of the willfulness of the alleged failure to obey the second order given by Captain Larson. However, such plea may be considered on the question of the accused's intent, his knowledge, and his frame of mind when subsequently given the order by the Captain."

in effect deprive the accused of a substantial right accorded him by law.

"We do not mean to infer that a plea of guilty to a lesser included offense cannot be used to establish facts and elements common to both the greater and lesser offense within the same specification (with the possible limitation on a plea of guilty to unauthorized absence within a charge of desertion as specifically provided for by par. 164a, MCM, 1951). See NCM 183, Wasco, 8 CMR 580. We are unable, however, to find any basis in law for using a guilty plea to one specification to supply proof of any of the essential elements of another specification."

The rule of exclusion stated in the cited cases is consistent with the principle that evidence of the commission of another offense of even the same general character is not normally admissible as evidence of guilt of another offense. See United States v Pavoni, 5 USCMA 591, 18 CMR 215; United States v Shipman, 9 USCMA 665, 26 CMR 445. Nor is proof of the conviction of an offense admissible as evidence to establish the existence of a fact required in the prosecution of another offense under the principle of *res judicata*. Although it has been said that the doctrine of *res judicata* applies in the criminal as well as in the civil law, no authority has been presented to us, and we know of none, which entitles the Government to use a conviction, or a judicial confession of one offense, as affirmative proof of the existence of an essential fact in the prosecution for another offense. See Sealfon v United States, 332 US 575, 92 L ed 180, 68 S Ct 237. The doctrine is a rule of estoppel which operates against the Government, not the accused. United States v Carlisi, 32 F Supp 479 (ED NY). However, it is apparent the error relates only to the element of willfulness.

The decision of the board of review as to Charge II and the sentence is reversed. The findings of guilty of that offense and the sentence are set aside. The record of trial is returned to The Judge Advocate General for resubmission to the board of review. In its discretion, the board of review may affirm findings of guilty of the lesser offense of failing to obey the order of Captain Larson and reassess the sentence on the basis of the modified findings of guilty of Charge II and the findings of guilty of Charge I or order a rehearing on Charge II and the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The accused's plea of guilty to willfully disobeying the lawful order of his superior noncommissioned officer indeed constitutes a judicial confession of his frame of mind concerning that order. I point out, however, that that does not establish anything at all with regard to his attitude toward the same order subsequently given him by Captain Larson. For example, his attitude could have changed in the interim, for one might willfully disobey the order of his superior sergeant, but not that of his commanding officer. Not only might he have a change of heart during the interval between the two orders, but in addition the graver penalty attaching to the latter crime could well give an offender pause. In that connection, as a matter of some interest in the instant case, the First Sergeant of accused's detachment, who was present when the Captain gave accused the order, testified that the officer counseled with the accused and explained the seriousness of the offense, which prompted the latter to inquire "If I do refuse, what will I get?" Consequently, I have little trouble in concluding that the law officer's instruction was erroneous, for I find no connection between the facts accused admitted by his plea of guilty to Charge I and the elements of the second charge, to which he pleaded not guilty.

The real problem I encounter in this case is finding any prejudice. True it is that accused put the Government to

its proof on the more serious offense, but it must be taken into account that the willful disobedience of the Captain's order was not disputed—the evidence on that matter was unrebutted and the fact was tacitly conceded by the defense. Rather, the whole thrust of their argument was that Captain Larson had been informed of accused's express intention again to disobey the same order given him by his superior noncommissioned officer if repeated by his commanding officer; that the Captain had no reason to believe accused would obey the order; that it was given only to increase the penalty for disobedience; and therefore that the order was illegal. Indeed, defense counsel so contended in his closing argument, and before the law officer instructed the court-martial on the merits, stated:

"You are aware of the theory on which the defense is based, and I ask for a full coverage on that."

Thereafter the law officer gave a full, complete, and proper charge covering the defense theory and counsel for both sides expressly noted their satisfaction therewith.

Under those circumstances I am hard put to understand what possible impact the erroneous instruction could have had in the case at bar. The only real issue involved was properly presented and correct guideposts furnished to the triers of fact for resolving it, and accordingly I am unable to see wherein accused suffered any prejudice.

I would affirm the decision of the board of review.