**UNITED STATES, Appellee,**

v.

**Jaime F. WAHNON, Seaman Recruit, U.S. Coast Guard, Appellant.**

**No. 29,541.**

U. S. Court of Military Appeals.

Aug. 22, 1975.

fatal shooting of the victim that took place in the course of the robbery.

*Lieutenant Patricia L. Shebest,* USCGR, and *Michael T. Leibig,* Esquire, were on the pleadings for Appellant, Accused.

*Lieutenant Stephen H. Zimmerman,* USCGR, was on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

At appellant's trial by special court-martial, he pleaded guilty to a charge of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. This plea was accepted and later used by the Government to prove the essential fact that he missed a movement of his ship which was involved in another charge to which he had entered a plea of not guilty.[1] Subsequently, the military judge instructed the court-martial that the plea of guilty to the absence offense could be considered in finding this same element, namely, that appellant had missed the movement of his ship.

Because of this use of the guilty plea by the Government and the military judge's instructions concerning its effect, the appellant's petition was granted on an assigned issue which presented the question:

MAY A GUILTY PLEA TO ONE CHARGE BE USED AS EVIDENCE TO ESTABLISH A SEPARATE CHARGE TO WHICH A PLEA OF NOT GUILTY WAS ENTERED?

1. This offense charged missing movement through design in violation of Article 87, UCMJ, 10 U.S.C. § 887.

The disposition of both facets of the question is controlled by this Court's opinion in *United States v. Caszatt,* 11 U.S.C.M.A. 705, 29 C.M.R. 521 (1960). There, it was held that "admissions implicit in a plea of guilty to one offense cannot be used as evidence to support the findings of guilty of an essential element of a separate and different offense." *Id.* at 706, 29 C.M.R. at 522. As the two offenses have a relationship of greater and lesser to each other, however, it has been suggested that this case is an exception to the rule established in *Caszatt.* While recognizing a plea of guilty could be used to establish facts and elements common to both a greater and lesser offense within the same specification, the opinion did endorse the view that there is no " 'basis in law for using a guilty plea to one specification to supply proof of any of the essential elements of another specification.' " *Id.* at 707, 29 C.M.R. at 523. This recognition of the separateness of charges and its effect lies at the root of the Court's holding in *United States v. Marymont,* 11 U.S.C.M.A. 745, 29 C.M.R. 561 (1960), an opinion which was almost concurrent with *Caszatt.* In *Marymont,* the accused had been charged with both premeditated murder and adultery but elected to limit his testimony in defense to the homicide charge. Ruling it was erroneous to permit the accused to be cross-examined about his illicit relations with his paramour as that relationship might bear on his motive, this Court stated, as follows: [2]

> While joinder of criminal charges is permissible in trials by court-martial, the process may also have the effect of limiting the rights which the Government might otherwise possess. Separate and distinct offenses may never be combined in such a manner that the accused, merely because of the charges against him, is hampered or embarrassed in the presentation of his defense. . . . If the Government's position here is correct, this basic principle has little validity, as its contention means that accused's right to

remain silent with respect to one or more of the offenses charged vanishes upon the showing of an incidental connection between it and the crime concerning which he desires to speak. . . . In short, if, as here, an accused is charged with both murder and adultery, the fact that the latter offense bears in any way upon the former means that the defendant must be willing judicially to confess the lesser crime in order to defend against the greater. We do not believe the Government's privilege extends so far.

In line with this rationale and consistent with the holding in *Caszatt,* it was error to use appellant's plea of guilty to unlawful absence to support a finding on the separate charge of missing movement. Accordingly, the decision of the United States Coast Guard Court of Military Review is reversed as to the findings of guilty of specification 2, charge II, and the sentence. The record is remanded to the General Counsel of the Department of Transportation for submission to the Court of Military Review. In its discretion, the Court may order a rehearing on the specification and sentence, or dismiss the specification and reassess the sentence on the remaining findings of guilty.

---

**2.** *United States v. Marymont,* 11 U.S.C.M.A. 745, 751, 29 C.M.R. 561, 567 (1960) (citations omitted).