**UNITED STATES, Appellee,**

v.

**Reginald D. LIVINGSTON, Private, U. S. Army, Appellant.**

No. 37,653.

SPCM 13552.

U. S. Court of Military Appeals.

March 31, 1980.

For Appellant: *Captain Allan T. Downen* (argued); *Colonel Edward S. Adamkewicz, Jr.; Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse* (on brief); *Major Benjamin A. Sims.*

For Appellee: *Captain Paul G. Thomson* (argued); *Lieutenant Colonel R. R. Boller, Major David McNeill, Jr., Major Douglas P. Franklin* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

We granted review in this case [1] to examine the propriety of admitting into evidence a summary of certain prosecution exhibits. After examining the briefs and hearing oral argument on both sides of this issue, we conclude that the appellant was not prejudiced by the admission of prosecution exhibit 1. Therefore, we affirm the judgment of the Court below.

The factual setting of this case is easily delineated. A general regulation of the U. S. Eighth Army, located in South Korea, places a limitation on authorized amounts and dollar value of purchases of military post exchange merchandise. Each serviceperson is issued a plastic ration control plate to be imprinted on an IBM computer card at the time of purchase. The control-of-purchase data is facilitated by use of a computer data processing center, where the

1. Appellant was convicted by special court-martial, contrary to his pleas, of a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, by purchasing post exchange merchandise in excess of prescribed limits. His sentence, as approved and affirmed, included a bad-conduct discharge and reduction to the grade of E–1.

cards are keypunched and entered on magnetic tape to allow for easy tabulation and monitoring. When individuals exceed authorized limits, the IBM cards are returned to the Chief of the Ration Control Office, who manages the computer data base, and are then delivered to the Provost Marshal.

The only witness for the prosecution was Commander C., Chief of the Ration Control Office. His testimony included, *inter alia*, a compete description of the system. Exhibits 2 through 7 were identified as standard IBM cards, JK 281's and 856's, used exclusively in the system to record sale transactions.[2] Based on Commander C.'s testimony, exhibits 2 through 7 were admitted into evidence as authentic. Commander C. further identified prosecution exhibit 1 as a summarization of appellant's purchases of rationed items as reflected in exhibits 2 through 7, and that after its preparation, he personally compared the summary with the cards to insure identity of the amounts. The military judge allowed the summary, prosecution exhibit 1, into evidence, but in his words, "not as substantive evidence." Trial defense counsel objected to its admission on the ground of inaccuracy, but did not object when the military judge said it would be received as an "aid to the court" or when it was presented to the court. During his instructions to the members, the judge announced that the "compilation" was not "really evidence, substantive evidence." Instead, "it purports to be a compilation of what is proper evidence, the source documents." Furthermore, "[i]n case of distinct differences, the cards themselves the basic documents, would govern; in other words, the other is just an aid really."

The Government asserts the summary was properly admitted as evidence as provided under paragraph 143a (2)(b), of the Manual for Courts-Martial, United States, 1969 (Revised edition), which states:

[I]t must first be shown that the writings would be admissible but are so numerous or bulky that they cannot conveniently be examined by the court; that the fact to be proved is the result of a summarization of the whole collection; that the witness is qualified by training or experience to summarize the writings; that he or a group of which he was a member composed of persons qualified by training or experience for their respective tasks examined and summarized the whole collection; and that the opposite party had access to the writings on which the summarization was based.

Appellant, contrariwise, urges that this procedure was not compiled with, as the record reflects some ambiguity over whether Commander C. summarized the entire group of the transaction cards. The U. S. Army Court of Military Review held that Commander C.'s review of prosecution exhibit 1, insuring its correspondence with the cards he had previously processed, "constitutes compliance with the provisions of paragraph 143a (2)(b)." *United States v. Livingston*, 7 M.J. 638, 640 (A.C.M.R.1979). We perceive no reason to disturb that ruling.

Although the Manual provision clearly contemplates reception of the summarization as evidence, under the facts of this case it was admitted only as an "aid to the court," and necessary and sufficient instructions were given. Under these circumstances, no prejudice accrued to the appellant. *United States v. Smyth*, 556 F.2d 1179, 1183–85 (5th Cir. 1977) *cert. denied,* 434 U.S. 862, 98 S.Ct. 190, 54 L.Ed.2d 135 (1977).

The decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

---

2. The military judge correctly ruled that these cards were proper business entries, not prepared principally with a view toward prosecution.