UNITED STATES, Appellee,

v.

Specialist Four (E–4) Michael E. STAFFORD, SSN 245–02–5787, United States Army, Appellant.

SPCM 17641.

U. S. Army Court of Military Review.

14 March 1983.

---

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Robert C. Rhodes, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was charged with possession, transfer and sale of marihuana on 20 October 1981 (Specifications 1, 2 and 3 of the Charge) and 2 November 1981 (Specifications 4, 5 and 6 of the Charge), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He pleaded guilty to the possession and transfer offenses but not guilty to the sale offenses. He was convicted of all offenses and was sentenced to a bad-conduct discharge, confinement at hard labor for six months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The issues in this case involve the sufficiency of the evidence, a failure of the record to reflect that a court reporter was sworn, the meaning of the term "conviction" under Mil.R.Evid. 609, and the effect of a guilty plea on contested specifications.

### The Facts of the Case

The prosecution called only one witness, Military Police Investigator Garnand, who testified that he purchased marihuana from the appellant on the two occasions alleged. The appellant testified, admitting possession and transfer of the marihuana, but claiming that the marihuana belonged to a man known as "Skibo." The appellant further claimed that he was acting solely as agent for the purchasers, Investigator Garnand and a Private First Class (PFC) Hensley. Hensley was called by the defense and corroborated Garnand's testimony that the appellant gave them marihuana on both occasions, that an unidentified black male was present both times, and that money was exchanged. However, Hensley contradicted Garnand on several details of the two meetings.

### Sufficiency of the Evidence

■ The appellant asserts that the evidence is insufficient because the "facts as testified to by the government agents Garnand and Hensley are sufficiently inconsist-

ent to cast substantial doubt upon Garnand's story...." The appellant cites *United States v. Collier*, 1 M.J. 358 (C.M.A. 1976), in support of his contention. We find the contention without merit.

In *Collier* Judge Cook stated that "[w]hen a Government witness testifies one way and a second testifies oppositely, or in substantial contradiction, in the absence of other circumstances, it can hardly be said that the Government has met its burden of proof as to the facts to which the witnesses are in disagreement." *Id.* at 366. Apart from the fact that the other two judges of the Court of Military Appeals concurred only in the result in *Collier*, we cannot overlook the fact that there was only one government witness in this case, not two. Hensley was not called by the government, but by the defense, albeit as a hostile witness. Nevertheless, Hensley's testimony generally corroborated Garnand's testimony that the appellant sold marihuana on the two occasions alleged. The disparities between Garnand's and Hensley's testimony concerned details of the two sales, but not the sales themselves.

The court members heard the witnesses and observed their demeanor. They were satisfied, as we are, beyond a reasonable doubt that the appellant was not acting as the buyer's agent. Their determination should not be disregarded lightly. *United States v. Frierson*, 20 U.S.C.M.A. 452, 43 C.M.R. 292 (1971); *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958). We are satisfied beyond a reasonable doubt that the appellant is guilty of the two sales alleged.

### Unsworn Court Reporter

The appellant contends that the findings as to the sale offenses should be set aside because there is no showing in the record that one of the court reporters had been sworn. We find this assignment of error without merit.

During the preliminary stages of the trial, the trial counsel announced that the court reporter had been sworn, but when a second court reporter took over the trial counsel simply announced, "We have a change in the court reporter. Barbara Hodge has replaced Mae Kurfman." The record is silent regarding any oath taken by Barbara Hodge.

In the absence of any evidence that Barbara Hodge had not previously been sworn, we will presume regularity. *See United States v. Pugh*, 99 U.S. 265, 25 L.Ed. 322 (1878) (presumption of regularity in governmental affairs); *United States v. Moschella*, 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971) (presumption of regularity in referral of charges to court-martial); *United States v. Masusock*, 1 U.S.C.M.A. 32, 35, 1 C.M.R. 32, 35 (1951) (Army officials presumed to perform duties in accordance with regulations); *United States v. Livingston*, 7 M.J. 638, 640 (A.C.M.R.1979), *aff'd*, 8 M.J. 278 (C.M.A.1980) (presumption of regularity in convening court and referring case to court-martial); *United States v. Saunders*, 6 M.J. 731, 734 (A.C.M.R.1978) (en banc) (presumption of regularity in selecting and detailing court members and military judge). Assuming *arguendo* that the court reporter was not sworn, such a procedural irregularity would not require reversal in the absence of a showing of specific prejudice to the appellant. *Cf. United States v. Albright*, 23 C.M.R. 619 (A.B.R.1957) (failure to swear interpreter was harmless error); *accord United States v. Rosado-Martero*, 32 C.M.R. 583 (A.B.R.), *pet. denied*, 13 U.S.C.M.A. 700, 32 C.M.R. 472 (1962).

### Impeachment of Defense Witness

The appellant contends that the military judge erred by denying a defense motion *in limine* which would have prevented the trial counsel from impeaching a defense witness by cross-examining the witness about a civilian conviction for conspiracy to commit armed bank robbery. The witness, PFC Hensley, had been tried in a civilian court and found guilty, but had not yet been sentenced. The appellant argues that there is no "conviction" within the meaning of Mil.R.Evid. 609 until a judgment has been entered and a sentence imposed. We disagree and hold that a verdict of guilty by

a civilian court is a "conviction" as the term is used in Mil.R.Evid. 609.

Mil.R.Evid. 609 is taken from Fed.R.Evid. 609, with several additions to provide for convictions by court-martial. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18–89 through A18–90. Under Fed.R.Evid. 609, the credibility of a witness may be attacked by eliciting from the witness or showing by public record that the witness has been convicted of certain types of crimes considered relevant to credibility. In the federal courts, there is a "conviction" for the purpose of Fed.R. Evid. 609 when there has been a verdict of guilty, even if the judgment of conviction has not been entered or sentence imposed. *See United States v. Smith,* 623 F.2d 627, 630–31 (9th Cir.1980); *United States v. Vanderbosch,* 610 F.2d 95, 97 (2nd Cir.1979); *United States v. Duncan,* 598 F.2d 839, 864–65 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979); *United States v. Klein,* 560 F.2d 1236, 1239–40 (5th Cir.1977), *cert. denied,* 434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978); *United States v. Rose,* 526 F.2d 745, 747 (8th Cir. 1975), *cert. denied,* 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976); *United States v. Canaday,* 466 F.2d 1191, 1192 (9th Cir. 1972).

We believe the drafters of the Military Rules of Evidence intended to adopt the federal rule, which permits a witness to be impeached by a guilty verdict rendered by a civilian court. We recognize that Mil.R. Evid. 609(a) and (f) have established a more restrictive standard for court-martial convictions which the drafters have attributed to the "unique nature of the court-martial." *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18–90. In our view, the drafters' rationale is soundly based inasmuch as there usually is no temporal break between findings and sentence in courts-martial but there is usually a substantial delay between verdict and sentencing in civilian courts. Accordingly, we hold that it is not necessary that a sentence be imposed for a civilian conviction before it may be used to impeach a witness under Mil.R.Evid. 609. Therefore, we find the assigned error without merit.

*Instructions of the Military Judge*

During his instructions on findings, the military judge instructed the court members as follows: "You are instructed that the substance is, as a matter of fact, marihuana. That is one issue that was resolved, of course, through the accused's plea of guilty to the possession and transfer." Later, he instructed them that some of the elements of the two sale charges had been "established by the accused's plea without the necessity of further proof. I specifically refer to whether it was marihuana, that he possessed it, and that it was transferred to the agent."

■ These instructions were incorrect. A plea of guilty to one offense may not be used as evidence to support findings of guilty of an essential element of a separate offense. *United States v. Wahnon,* 1 M.J. 144 (C.M.A.1975); *United States v. Caszatt,* 11 U.S.C.M.A. 705, 29 C.M.R. 521 (1960). However, we find no possibility of prejudice in this case. During his testimony on the merits, the appellant judicially admitted possessing and transferring marihuana on both occasions alleged. The only factual issue in this case was whether the appellant was acting for himself, as an agent for another seller, or solely as a purchasing agent for the two covert military police.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.