UNITED STATES

v.

**Airman Robert D. CAHN, FR 513–68–2923, United States Air Force.**

**ACM S28266.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Oct. 1989.

Decided 12 Sept. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Captain Mark R. Land and Captain Michael C. Barrett, USAFR.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr. and Captain David G. Nix.

Before O'BRIEN, PRATT and RIVES, Appellate Military Judges.

DECISION

PRATT, Judge:

At a special court-martial before military judge alone, appellant was convicted, consistent with his pleas, of AWOL, an extended failure to go, and thefts of $200.00 and $300.00 from his roommate's bank account through the use of his Automated Teller Machine (ATM) card. He was also convicted, despite a plea of not guilty, of the theft of the ATM card itself. His approved sentence includes a bad conduct discharge, confinement for three months, forfeiture of $460 pay per month for two months, and reduction to airman basic.

On appeal, appellant asserts two errors in conjunction with his conviction of the contested offense. Though we find merit in neither, both warrant discussion. A

brief factual background will assist in understanding the issues and their resolution.

During the *Care*[1] inquiry on the monetary thefts, appellant explained to the judge how he came into possession of his roommate's ATM card. According to appellant, he initially tried to borrow $20.00 from his roommate. When his roommate said he didn't have $20.00 at the time, appellant asked to borrow his ATM card as a means of getting the money. Although his roommate initially said "no", appellant claimed that he eventually talked him into loaning him the card.

During trial on the contested theft of the ATM card, appellant elected to remain silent. The roommate testified that, although he had lent his card to appellant on several occasions in the past, he was "relatively certain" that he had not given appellant permission to use the card on this occasion. On cross-examination, the roommate acknowledged that he was lying down on his bed at the time of his conversation with appellant; that he had his back to appellant; that he was unusually tired; that he dozes off rather easily and may have done so during this conversation; that he sometimes mumbles in his sleep; and that it was "possible" he may have mumbled something in his sleep that appellant may have interpreted as permission to use his ATM card. On redirect, the trial counsel established that the witness' acknowledgment of this scenario as "possible" was "in the realm of anything in the world is possible" and that he was still "relatively certain" that he had not lent his card to appellant that night. This led to the following colloquy with the military judge:

MJ: You said you are relatively certain. Are you absolutely certain?

WIT: I can't be absolutely certain, sir.

MJ: Not morally sure, are you? Not to the absolute—not for sure?

WIT: Not absolutely for sure, but I normally wouldn't have done it.

MJ: But you are not sure?

WIT: No, sir.

During findings argument, the military judge indicated that he would not consider statements made by appellant during the *Care* inquiry on the other offenses; instead, he would rely solely on the evidence presented on the merits of the contested offense.[2]

## I

The first assigned error asserts that the military judge, in reaching a finding on the contested offense, improperly failed to consider the appellant's version of events as told during the *Care* inquiry on the related offenses. We disagree. Appellant's reliance on the holding in *United States v. Holt,* 27 M.J. 57 (C.M.A.1988), is misplaced. In *Holt,* the Court of Military Appeals recognized that sworn statements made by an accused during a *Care* inquiry may be considered not only in determining the providence of guilty pleas, but also in later determining an appropriate sentence. Appellate defense counsel argue that it would be "an absurd distinction" to allow such statements to be used to support charges to which an accused pleads guilty, but not to permit their consideration on other charges which are being contested. On the contrary, we find this distinction to be a critical one.

Allowing *Care* inquiry statements to be considered in sentencing is a far cry from approving the use of such statements on the merits of an offense to which an accused has pled not guilty and, thus, has chosen to place on the government the burden of producing evidence to prove his guilt. Indeed, in so arguing, appellate defense counsel would have us establish a dangerous precedent—one which would undoubtedly serve more often as a sword against an accused rather than, as in this case, a shield in his favor. We find no support for the proposition that an ac-

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969).

2. This evidence included a stipulation of fact, introduced during the *Care* inquiry, which both sides specifically agreed was intended for consideration on the merits of the contested offense as well as in conjunction with the guilty pleas.

cused's right to remain silent on a contested offense may be abridged by allowing consideration of statements required to be made in support of a guilty plea.

Allowing such use would not only serve as a deterrent to guilty pleas where related offenses were to be contested, but would inhibit an accused's willingness to speak freely in establishing a factual basis for pleas of guilty in such situations. From the standpoint of information favorable to an accused, this practice would tempt an accused to "garnish" his *Care* testimony with favorable statements, thereby placing such statements before the court without being subject to cross-examination. *See United States v. Collins*, 17 M.J. 901 (A.F. C.M.R.1983), *pet. denied*, 18 M.J. 292 (1984).

For the foregoing reasons, we conclude that the military judge acted properly in not considering appellant's *Care* inquiry statements in arriving at findings on the contested offense.

## II

■ Appellant's second assertion is that, with or without consideration of his statements during the *Care* inquiry, the government's evidence on the theft of the ATM card was insufficient to support a conviction thereof. Again, we must disagree.

Although the testimony of appellant's roommate was somewhat equivocal, there is more than ample evidence in the record to support appellant's conviction of this offense. Even if the roommate *had* given appellant permission to use his ATM card, the evidence reflects that it would have been for the purpose of withdrawing $20.00 as a loan. Thus, when appellant used the card to withdraw $200.00, and later $300.00 more, and eventually destroyed the card altogether, he had clearly converted the card to purposes well beyond the scope intended when (and if) the card was lent to him. This conversion, together with ample circumstantial evidence of an intent to permanently deprive, fully supports appellant's conviction of this offense. *United States v. Moreno*, 23 M.J. 622 (A.F.C.M.R. 1986), *pet. denied*, 24 M.J. 348 (1987). *See*

MCM, Part IV, paragraph 46c(1)(b) and 46c(1)(f)(i) (1984).

The findings of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge O'BRIEN and Judge RIVES concur.

## UNITED STATES

v.

**Airman Basic Donna M. KILBOURNE, FR 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, United States Air Force.**

**ACM 28024.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1989.

Decided 13 Sept. 1990.

