**UNITED STATES, Appellee,**

v.

**Private E1 Tauhid Abdul–Rahman ABDULLAH, 244–23–4625, United States Army, Appellant.**

**ACMR 9200909.**

U.S. Army Court of Military Review.

11 June 1993.

For Appellant: Captain Clement B. Lewis III, JAGC (argued), Major James M. Heaton, JAGC (on brief).

For Appellee: Captain Jane F. Polcen, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSTON, Judge:

The appellant was tried by a military judge sitting alone as a general court-martial. He pleaded guilty to charges of disorderly conduct and willfully discharging a firearm under circumstances as to endanger human life in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). He pleaded not guilty to charges of willful damage to private property, Article 109, UCMJ, and aggravated arson, Article 126, UCMJ, 10 U.S.C. §§ 909 and 926. After trial on the mixed pleas, the appellant was convicted of disorderly conduct and aggravated arson. He was sentenced to a bad-conduct discharge, confinement for three years, and a $10,000.00 fine. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for fourteen months, and a fine of $1,000.00.

The pivotal issue in this case is whether the admissions implicit in a plea of guilty to one offense, i.e., the willful discharge of a firearm, may be considered as evidence to support the finding of guilty for an essential element of a separate offense, i.e., the aggravated arson charge.[1] A related issue is whether a stipulation of fact for an offense to which the appellant pleaded guilty may be used to prove elements of the offense for which a not guilty plea was entered. We have determined that the military judge erred to the substantial prejudice of the appellant in regard to both issues.

### I.

The incident that resulted in the charges in this case occurred in a densely populated section of Wuerzburg, Germany. The appellant and a companion purchased two flare guns and fired them along the ground and into the air as they strolled through a residential area. At one point, the appellant pointed his flare gun at the second floor of an apartment building and fired. The flare landed inside the open window of an apartment rented by an American soldier and set the curtains on fire. The fire spread to the walls and furniture, but was extinguished without physical injury to the occupants. The room of the apartment was heavily damaged by the fire.

Prior to trial the appellant signed a pretrial agreement with the convening authority. The agreement specified that the appellant would "[e]nter into a written Stipulation of Fact correctly describing the offenses to which I am offering to plead guilty." In pertinent part, the stipulation of fact signed by the appellant, his counsel, and the trial counsel, specified that "[t]hese facts may be considered by the military judge in determining the providence of the accused's plea of guilty...." Neither the agreement nor the stipulation stated whether the stipulated facts could be used to prove the disputed elements of the offenses to which the appellant pled not guilty.

At trial on the contested aggravated arson offense, the government produced only one witness. There was no testimony or other evidence presented that the flare caused any burning or charring, or that appellant had the requisite general intent to start the fire. The military judge apparently relied upon the appellant's statements during the guilty plea colloquy and the stipulation of fact to find the disputed elements of the aggravated arson charge.

### II.

■ It has long been held in military law that "admissions implicit in a plea of guilty to one offense cannot be used as evidence to support a finding of guilty of an essential element of a separate and different offense." *United States v. Caszatt*, 11 U.S.C.M.A. 705, 29 C.M.R. 521, 522 (1960). *See United States v. Wahnon*, 1 M.J. 144 (C.M.A.1975) (guilty plea to absence without leave offense may not be admitted into

---

1. This court specified two issues for appellate counsel. One dealt with the sufficiency of the evidence for the aggravated arson charge, while the other asked whether the charge concerning willfully discharging a firearm could be reinstated if the arson offense were set aside.

evidence to establish the elements of a separate charge). A plea admits only what has been charged. The appellant would be deprived of a substantial legal right if we were to hold that a plea of guilty to one offense and its elements is an admission to a completely separate offense to which the appellant plead not guilty. *United States v. Dorrell,* 18 C.M.R. 424 (N.B.R.1954).

■ The Court of Military Appeals has stated that the admissions in a plea of guilty inquiry to an offense can be considered only when the plea relates to a lesser included offense within the same specification and charge. *United States v. Rivera,* 23 M.J. 89, 95 (C.M.A.1986). *See* Rule for Courts–Martial 920(e) discussion [hereinafter R.C.M.]. In this case the willful discharge of a firearm offense was not a lesser included offense of aggravated arson. Thus, it was improper for the military judge to consider the elements established by the guilty plea inquiry to prove the arson charge.

### III.

■ The appellant also contends that the stipulation of fact at issue in this case is a "confessional stipulation" to the aggravated arson charge and should not have been accepted by the military judge unless he first conducted a detailed discussion at trial. *See United States v. Bertelson,* 3 M.J. 314, 315 n. 2 (C.M.A.1977). According to the appellant, the military judge should have admitted the stipulation only after ensuring that he understood his right not to stipulate, the contents and effect of the stipulation, and the contents of any agreement concerning the stipulation. *See* R.C.M. 811(c) discussion.

The appellant's contention is correct if the stipulation at issue amounted to a guilty plea to the arson charge. "A stipulation ... is the equivalent of a guilty plea ... when it establishes, directly or by reasonable inference, every element of a charged offense and when the defense does not present evidence to contest any potential remaining issue on the merits." R.C.M. 811(c) discussion. As the stipulation in this case established every element

either directly or by reasonable inference for the aggravated arson offense, we are satisfied that it was a "confessional stipulation." In the absence of the detailed discussion mandated by *Bertelson,* the stipulation should not have been considered by the military judge in determining facts for the contested aggravated arson charge.

■ Even if the stipulation was not confessional, our conclusion remains the same. The pretrial agreement in this case specifically stated that the stipulation of fact was entered into to describe those offenses to which the appellant pled guilty. Thus, by implication, that stipulation does *not* describe the facts pertinent to the offenses for which a not guilty plea was entered. In the absence of an explicit agreement between the appellant and the convening authority stipulating the facts of the case without regard to the offenses to which they may be applied, we are reluctant to expand the plain terms of the pretrial agreement.

We further note that the stipulation indicates that the specified facts may be used by the military judge in determining the providence of the appellant's plea of guilty at trial. Significantly, the stipulation does not indicate that it may also be used in resolving factual issues for other offenses to which the appellant pled not guilty. Thus, under either *Bertelson* or the terms of the stipulation, it should not have been considered to prove elements of the aggravated arson charge.

### IV.

■ In the absence of the facts contained in the stipulation of fact and the admissions solicited during the plea inquiry, there was no admissible proof before the military judge that there was any burning or charring of the room into which the flare was fired. In short, the government failed to carry the burden of proof at trial. The government failed to prove that the accused "burns or sets on fire an inhabited dwelling" as required for a conviction of Article 126, UCMJ. Consequently, the finding of guilty for the aggravated arson charge must be set aside.

■ In this case, pursuant to the appellant's provident guilty plea, the military judge entered findings of guilty for the offense of willfully discharging a firearm under circumstances as to endanger human life. After trial on the merits, he dismissed the firearms charge and its specification, reasoning that the offense was multiplicious for findings and sentence with aggravated arson. Although we have held that the arson charge must be set aside, we see no impediment to reinstating the findings of guilty as to the willful discharging of a firearm offense. *See United States v. Zupancic,* 18 M.J. 387 (C.M.A.1984).

The remaining assertion of error, and the issue raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty of Charge II and its Specification are set aside and that charge and its specification are dismissed. The finding of guilty for Specification 1 of Charge III is reinstated. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and pursuant to *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), the court affirms the sentence.

Senior Judge NAUGHTON and Judge BAKER concur.