UNITED STATES, Appellee,

v.

Sergeant Frankie C. THOMAS, Jr., 255–41–2124, United States Army, Appellant.

ACMR 9202058.

U.S. Army Court of Military Review.

25 May 1994.

For Appellant: Captain Michael A. Egan, JAGC, Captain Clement B. Lewis III, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Senior Judge:

Upon mixed pleas, the appellant was convicted by a general court-martial composed of a military judge sitting alone of rape, sodomy, and burglary in violation of Articles 120, 125 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 929 (1988) [hereinafter UCMJ].[1] He was sentenced to a dishonorable discharge, confinement for twenty-one years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence.

The offenses of which the appellant stands convicted occurred in the Republic of Korea where, during the early morning hours of 6 June 1992, he brutally raped and forcibly sodomized a female soldier after unlawfully breaking into and entering her off-post residence. The victim immediately reported the incident to military authorities and identified the appellant as her assailant. Subsequently, the appellant was apprehended and taken into custody. At an interrogation by military criminal investigators (CID) during which the appellant was advised of his rights to counsel and against self-incrimination, he made a sworn, detailed statement confessing to the offenses of which he was ultimately convicted.

The appellant's appeal is predicated on two grounds. First, that his confession was not

---

1. The appellant pleaded guilty to consensual sodomy but was found guilty of the charged offense of forcible sodomy. He also pleaded guilty to adultery, a charge subsequently dismissed as multiplicious for findings with rape. *See United States v. Hickson,* 22 M.J. 146 (C.M.A.1986).

voluntary. Second, that his convictions of the offenses to which he pleaded not guilty were improperly based on evidence obtained during the plea inquiry concerning the offenses to which he pleaded guilty. We find both assertions of error to be without merit.

The validity of the appellant's first assertion depends on whether he is entitled to claim his rights were violated on the basis of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and its progeny.[2] Those cases hold that, when a suspect during a custodial interrogation expresses a desire to deal with the police through counsel, interrogation must cease until counsel is present or unless the suspect initiates further communication with the police. The appellant presented this issue to the military judge by appropriate suppression motion in which he argued that he confessed during a custodial interrogation after his request for legal counsel was ignored. The judge denied the motion after an evidentiary hearing.

■ The judge found that the appellant, having been given proper warnings, told a CID interrogator that he was represented by a Korean lawyer in a foreign proceeding involving an off-post traffic accident.[3] The CID agent stopped the interrogation and called his agency's judge advocate for an opinion on whether he had to provide the appellant with counsel during the interrogation. When he was told he did not, he resumed the interrogation after giving the appellant a second rights warning.[4] The appellant acknowledged that he understood his rights and specifically waived the presence of counsel before rendering his confession. Although there was some question as to whether the appellant had had sufficient sleep or may have been intoxicated, the judge found that those factors did not affect his waiver of

his rights. The military judge's findings clearly negate the appellant's contention his rights were violated. We hold that those findings are supported by a preponderance of the evidence of record.

■ Our disagreement with the appellant's second contention is simply one of interpretation of what the judge said on the record during the trial counsel's argument on findings. The trial counsel argued that the evidence of the appellant's presence at the victim's residence was reflected not only in his confession, but in his guilty plea to consensual sodomy and adultery. After the defense objected, the judge observed that a plea of guilty to consensual sodomy "admits one of the elements" and that "if we had court members, they would have been instructed as to the plea to the lesser included offense and I will consider that." The appellant claims that the judge's statements indicates he considered the appellant's admissions during the plea inquiry as evidence to convict him not only of consensual sodomy, but also of the offenses to which he pleaded not guilty (forcible sodomy, rape, and burglary). Had this in fact occurred as to the rape and burglary offenses, it would violate the longstanding principle of law that "admissions implicit in a plea of guilty to one offense cannot be used as evidence to support the findings of guilty of an essential element of a separate and different offense." *United States v. Caszatt,* 11 U.S.C.M.A. 705, 29 C.M.R. 521, 522, 1960 WL 4549 (1960); *United States v. Abdullah,* 37 M.J. 692 (A.C.M.R. 1993). However, the principle does not apply where the offense proven by the plea of guilty is not "separate and different" from that to which the accused pleaded not guilty. We perceive the judge's statement to mean that he would consider the appellant's admis-

2. *Minnick v. Mississippi,* 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); *Patterson v. Illinois,* 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988); *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); *Smith v. Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); *Solem v. Stumes,* 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984); *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *see also United States v. Harris,* 19 M.J. 331 (C.M.A.1985).

3. The CID agent asked him, "Have you ever requested a lawyer after being read your rights?"

4. The judge advocate correctly opined that the appellant's statement concerning the Korean lawyer did not amount to a request for counsel. *See United States v. Davis,* 36 M.J. 337 (C.M.A. 1993), *cert. granted,* —— U.S. ——, 114 S.Ct. 379, 126 L.Ed.2d 329 (1993); *United States v. Dock,* 35 M.J. 627 (A.C.M.R.1992), *pet. granted,* 38 M.J. 173 (C.M.A.1993).

sions during the plea inquiry concerning consensual sodomy as proof of one of the elements of forcible sodomy. This is not impermissible since the two offenses are related to each other as lesser and greater offenses. Manual for Courts–Martial, United States, 1984, Part IV, para. 51.

We have considered the other issues raised by the appellant, including those submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge LANE and Judge RUSSELL concur.