UNITED STATES

v.

**Senior Airman Joseph L.R. GRIJALVA,
United States Air Force.**

ACM 33169.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 Jan. 1998.

Decided 25 April 2000.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Captain Michael J. Apol.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Colonel Michael J. Breslin, and Captain Steven D. Dubriske.

Before YOUNG, Senior Judge, SPISAK, Senior Judge, and WILCOX, Appellate Military Judge.

## OPINION OF THE COURT

SPISAK, Senior Judge:

The appellant pled guilty to attempted premeditated murder and desertion. Articles 80 and 85, UCMJ, 10 U.S.C. §§ 880, 885. When the military judge rejected his plea to the attempt charge, the appellant entered a plea of guilty to the lesser included offense of aggravated assault by the intentional infliction of grievous bodily harm. Article 128, UCMJ, 10 U.S.C. § 928. The military judge accepted his plea to desertion and, after the government presented its case, convicted the appellant of attempted premeditated murder. The appellant's approved sentence consists of a dishonorable discharge and confinement for 30 years. The appellant alleges two errors, both of which relate to the military judge's use of information obtained during the plea inquiry on the charged offense and on the later plea to the lesser included offense of

aggravated assault. We find no error prejudicial to the appellant's substantial rights and affirm.

■ The appellant contends that after rejecting his plea of guilty to attempted premeditated murder, the military judge improperly used parts of that plea inquiry to support his plea of guilty to aggravated assault. In fact, the military judge merely referenced the appellant's earlier statements as a means to facilitate getting responses from the appellant. The military judge did not assert these matters as fact, but used the prior statements to form questions during the second plea inquiry. We find no error in his doing so.

The appellant next complains that the military judge improperly relied on statements from the second plea inquiry to support his conviction on the attempted premeditated murder charge. The error arises because the military judge, *sua sponte,* entered special findings of fact in which he found in part as follows:

> On 15 September, the accused went to the couple's home within a few hours after the no-contact order from his commander expired and found Mrs. Grijalva and their youngest daughter asleep on the floor. As he stated during the providency inquiry, the accused went to the house with the intent to shoot his wife. He moved their daughter into the bedroom so that she wouldn't be injured when he shot his wife. He came back from the bedroom, sat down for 10–15 minutes, pulled the handgun out of his BDU pants and shot his wife in the back. Prior to the shooting, Mrs. Grijalva never woke up, spoke to the accused, or in any way provoked him.

The appellant argues that none of these facts could be deduced from the evidence presented in support of the attempted murder charge. Rather, he claims they came from the inquiry into the appellant's guilty plea to aggravated assault and should not have been relied on by the military judge in reaching his findings on the charged offense of attempted premeditated murder. However, the military judge advised the appellant at the outset of the plea inquiry that his statements could be used by the government and

the military judge to prove the charged offense.

> I have one other thing to ask you. You are pleading guilty to aggravated assault by intentionally inflicting grievous bodily harm with a loaded firearm which is a lesser included offense of attempted premeditated murder. And certain of those elements, the elements of the offense to which you're pleading guilty may be similar to the attempted premeditated murder. And some of what you tell me, **the Government may use that in their argument or in their case to prove the charged offense.**
>
> . . .
>
> So you understand that some of what you tell me, or anything that you tell me that applies to the elements of attempted premeditated murder, **I may also consider that in deciding whether you are guilty of that charged offense.**

(Emphasis added). When the military judge asked if he understood and agreed to those uses, the appellant answered in the affirmative. The military judge then asked trial defense counsel if they too agreed with the proposed uses of the appellant's statements. Counsel also agreed. Thus, the appellant was on notice before beginning the plea inquiry that the military judge could use his statements to support a finding of guilty to the charged offense.

Both appellate defense counsel and the government appear to agree that the only issue remaining after the guilty plea inquiry was whether the appellant had a premeditated design to kill or merely the specific intent to injure his wife, Lisa Grijalva, when he shot her. The question we must resolve is whether admissions made concerning the intent to commit a lesser offense may be considered as part of the evidence in support of a finding of guilty to the greater offense. The appellant argues against such consideration and relies heavily on *United States v. Ramelb,* 44 M.J. 625 (Army Ct.Crim.App.1996). The appellant in *Ramelb* pled guilty to wrongful appropriation, but not guilty to the charged offense of larceny. As a result, the only element left unproven was the element of the specific

intent to permanently deprive another of the use of the property. During presentation of evidence on the greater offense, the trial counsel called a Captain who had heard the plea inquiry to testify about Ramelb's admission during that inquiry—that he had spent the money for personal reasons. Our Army brethren held "that the elements of a lesser offense established by an accused's plea of guilty—*but not the accused's admissions made in support of that plea*—can be used as proof to establish the common elements of a greater offense to which an accused has pleaded not guilty." *Id.* at 629 (emphasis added). The court relied heavily on a series of cases that held that a plea to one charged offense cannot be used to prove a separate charged offense. *See United States v. Caszatt*, 29 C.M.R. 521, 522, 1960 WL 4549 (C.M.A.1960); *United States v. Cahn*, 31 M.J. 729 (A.F.C.M.R.1990); *United States v. Collins*, 17 M.J. 901 (A.F.C.M.R.1983); *United States v. Thomas*, 39 M.J. 1094 (A.C.M.R. 1994); *United States v. Wasco*, 8 C.M.R. 580, 1953 WL 1713 (N.B.R.1953).

▇ The Army Court's conclusion in *Ramelb* is correct—the prosecution is not permitted to use a plea of guilty to one offense as evidence of guilt of another, unrelated offense. *United States v. Wahnon*, 1 M.J. 144, 145 (C.M.A.1975); *Caszatt*, 29 C.M.R. at 523; *United States v. Vasquez*, 9 M.J. 517, 518 (A.F.C.M.R.1980). However, the elements of a lesser included offense established during a guilty plea inquiry may be used as proof to establish the common elements of a greater offense to which the appellant pleads not guilty. *United States v. Rivera*, 23 M.J. 89, 95 (C.M.A.1986). The Discussion to Rule for Courts-Martial (R.C.M.) 920(e), further clarifies this point by saying that court members should be instructed "that, when a guilty plea to a lesser included offense has been accepted, the members should accept as proved the matters admitted by the plea, but must determine whether the remaining elements are established." While the language used in *Ramelb* is broad and could lead one to conclude that no statement given during a plea inquiry may be used during the government's case in chief, a careful review of the opinion discloses that *Ramelb* did not go that far. Rather, the Army Court concluded that

statements that were not relevant to the plea could not be used during findings on the greater offense. Other case law supports this interpretation. *See United States v. Glover*, 7 C.M.R. 40, 43, 1953 WL 1510 (C.M.A.1953).

▇ We hold that statements made during a plea inquiry on a lesser included offense may be considered by the finder of fact, as those admitted facts relate to an admitted element. Here, for instance, members could have been instructed that the appellant admitted shooting Lisa with the specific intent to cause grievous bodily harm. We conclude that the military judge also could have instructed that the appellant admitted that he held this intent when he entered the house. Therefore, we find that the military judge did not err when he accepted as proven that the appellant intended to shoot his wife.

An intent to cause grievous bodily harm, however, is not sufficient to support a finding of guilty of attempted premeditated murder. To support that finding, the military judge relied in very large measure on evidence presented by the government, evidence that clearly establishes the following facts: On Saturday, 13 September 1997, the appellant called the telephone company to have the telephone at the couple's house disconnected. The disconnection was completed that same day. On Saturday night, the appellant went to the Non–Commissioned Officers Club (Club) with a friend. When they entered the Club, the appellant saw Lisa sitting in the hallway with a female friend. He became angry and left with his friend. The appellant was shaking, crying, and so upset that his friend took him to a restaurant where they ate and drank coffee for about three hours while the friend calmed the appellant. On Sunday afternoon, he was still upset about his wife's presence at the Club. Sometime Sunday, the appellant bought travel sized toiletries and a .380 handgun and ammunition. Between Friday and Sunday the appellant made three ATM withdrawals of cash totaling $600.00. He lied about why he was leaving work on Monday morning, then went to his home. Before the appellant arrived at

home on Monday morning, Lisa and her 2-year-old daughter were asleep on the living room floor. Lisa didn't hear the appellant enter the house. The appellant shot Lisa in the back, paralyzing her from the waist down. The shot woke Lisa, who saw her daughter running into the room from the bedroom and the appellant standing over her with a gun in his hand. Lisa realized she couldn't move and asked the appellant, "Why?" He replied by asking why she had not spoken to him at the Club on Saturday night. When she asked him to get help, he said, "It's too late." The appellant sat watching Lisa for about 20 minutes then abandoned his immobile victim. The appellant then left the state and fled to Arizona.

These facts overwhelmingly support a finding that the appellant had a premeditated design to kill when he shot and then abandoned his wife. Therefore, we conclude that even if error occurred, it was harmless beyond a reasonable doubt. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings and sentence are

AFFIRMED.

Senior Judge YOUNG and Judge WILCOX concur.