OPINION OF THE COURT
MATHEWS, Judge:
The appellant was charged with dereliction of duty, willfully damaging military property, and larceny, in violation of Articles 92, 108, and 121, UCMJ, 10 U.S.C. §§ 892, 908, 921. He pled guilty to the dereliction of duty and damaging military property offenses. His pleas on those specifications were provident, and he does not challenge them on appeal.
The appellant pled not guilty to larceny, but was convicted in a trial before officer members and sentenced to a bad-conduct discharge and confinement for 6 months. The convening authority reduced the period of confinement to 4 months, but otherwise approved the findings and sentence as adjudged. On appeal, the appellant avers, inter alia, that the military judge erred by permitting the trial counsel to offer evidence from his providency inquiry during the government’s case-in-chief on the litigated larceny specification. Finding error, we grant relief.[1]

Background

The appellant was a member of the 48th Security Forces Squadron at RAF Laken-heath, United Kingdom. On the evening of 22 December 2003, the appellant was assigned to patrol the Lakenheath flight line. A member of the appellant’s squadron, Senior Airman (SrA) R, accompanied him. There was a heavy rain that evening, and at some point during the storm the appellant and SrA R decided to abandon their patrol and seek shelter in a nearby building. The building was dilapidated and undergoing renovation; it was full of junk and litter, but provided adequate shelter against the storm. The appellant and SrA R watched movies for about four hours on a portable DVD player they took on patrols.
Before leaving the building to resume their patrol, the appellant and SrA R decided to “practice [their] building clearing technique” *609 by going down the main corridor and opening doors to check each room. Where the doors were locked, they kicked them open. This caused damage to the doors, locks, hinges, and frames, totaling more than $4,000. Inside these rooms, they found more trash, but also various other items: furniture, drills, aircraft parts, computer equipment, and a television set. The appellant and SrA R took the television, two computer battery backup power supplies, and a computer chair, of a total value of approximately $550.
Throughout the investigation, and at trial, the appellant maintained that he believed the items he and SrA R took were abandoned property—rubbish destined for the trash bin, along with the rest of the garbage in the building. He admitted during his providency inquiry on the Article 108, UCMJ, specification that he knew the building was government property, but initially described the building as “abandoned” too. The military judge then engaged him in the following colloquy to clarify this point:
MJ: So after you kicked this second door, at least at that point, you knew there’s something secured behind these doors?
ACC: Yes, Sir.
MJ: So at least at that point you knew for certain that the building had some purpose?
ACC: Yes, Sir.
MJ: So even if you’d previously to that thought it’s an old abandoned building in the sense that there is no owner, no use, at least at that point you would have been on notice that it was used for some purpose and owned or managed by somebody?
ACC: Yes, Sir.
At trial, the appellant’s counsel conceded that his client took the property alleged in the larceny specification, but—consistent with his client’s pretrial statements—contended the appellant mistakenly thought the property was abandoned. During cross-examination, the government witnesses acknowledged that this was what the appellant claimed from the very early stages of the investigation. The trial defense counsel also established that the investigation never definitively established who the property belonged to. The items the appellant and SrA R took were not on the inventory lists of the organizations using the building.
After the last government witness testified, the trial counsel sought to play a tape recording of the part of the appellant’s provi-dency inquiry in which the appellant discussed the ownership of the building. The record does not disclose when the trial counsel decided to present this evidence. It is clear, however, he did not discuss it with the trial defense counsel prior to announcing his plan in open court. The military judge instructed the trial defense counsel to “see if you can come to an agreement with trial counsel and that portion that they want to hear,” and promised “an opportunity before we call in the members next to express any concerns with the portion they are wanting to hear.”
There is no discussion on the record regarding what “concerns,” if any, may have troubled the trial defense counsel. After a brief recess, the trial counsel called one more witness, and then went directly to the tape of the appellant’s providency inquiry. There was no opportunity for the trial defense counsel to object out of the presence of the members, but the military judge sua sponte stated his understanding that the portion of the tape to be played was “coordinated with the defense counsel and with the court reporter.” There was no discussion of the threshold question of whether any of the tape should be played at all. After playing it, the government rested.
During argument on findings, the trial counsel relied on the appellant’s admissions concerning the ownership of the building to challenge his claimed mistake of fact concerning ownership of the items inside. The effort to debunk the appellant’s defense took over one-third of the trial counsel’s argument.

Analysis

The military judge set limits on the permissible use of the providency inquiry as follows:
MJ: By your plea of guilty you give up three important rights, but you give up these rights solely with respect to the of- *610 /erases to which you have pled guilty. First, you give up the right against self-incrimination. That is the right to say nothing at all____ Again that is just in relation to the offenses to which you have pled guilty. Do you understand that?
ACC: Yes, Your Honor.
MJ: If you continue with your guilty plea, then you will be placed under oath and I will question you to determine whether you are, in fact, guilty. Anything that you tell me may be used against you in the sentencing portion of the proceeding. Do you understand this?
ACC: Yes, Sir.
MJ: If you tell me anything that is untrue, then your statements may be used against you later for charges of perjury or making false statements. Do you understand this?
ACC: Yes, Sir.
(Emphasis added).
The military judge never, in this discussion or elsewhere, informed the appellant that his statements concerning the dereliction of duty or damage to military property specifications could be used as evidence against him on the charge of larceny. The government contends, however, that because the appellant’s trial defense counsel did not object at trial, we are precluded from examining the issue further. Citing United States v. Ramelb, 44 M.J. 625, 630 (Army Ct.Crim.App.1996), the government urges us to find the appellant either waived or forfeited this issue because he did not object at trial.
We disagree. Although there was no objection at trial, the military judge committed plain error by allowing trial counsel to use the appellant’s providency inquiry to prove his guilt on the litigated specification. See United States v. Powell, 49 M.J. 460 (C.A.A.F.1998).
Trial counsel are permitted to use a guilty plea to a lesser-included offense to establish elements common to both the greater and lesser crimes of a single specification. United States v. Rivera, 23 M.J. 89, 95 (C.M.A.1986); United States v. Wahnon, 1 M.J. 144, 145 (C.M.A.1975); United States v. Barrick, 41 M.J. 696, 700 (A.F.Ct.Crim.App. 1995). See also Rule for Courts-Martial (R.C.M.) 920(e). They may not, however, reach back to the providency inquiry to find evidence to condemn the accused from his own mouth on a separate offense. United States v. Cahn, 31 M.J. 729, 730-31 (A.F.C.M.R.1990) (finding “no support for the proposition that an accused’s right to remain silent on a contested offense may be abridged by allowing consideration of statements required to be made in support of a guilty plea” on another factually-related offense). See also United States v. Vasquez, 9 M.J. 517, 518 (A.F.C.M.R.1980) (trial counsel may not argue admissions implicit in a plea of guilty to establish guilt of a separate and different offense). In United States v. Grijalva, 53 M.J. 501, 503 (A.F.Ct.Crim.App. 2000), aff'd 55 M.J. 223 (C.A.A.F.2001), we reiterated this longstanding rule.
A clear and obvious foul occurred here. The law sets sharp limits on how an accused’s testimony during his guilty plea inquiry may be used, and the military judge allowed the trial counsel to exceed those limits. Moreover, the error went directly to a substantial right of the appellant: namely, his constitutional protection against self-incrimination. See Grijalva, 55 M.J. at 228. Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), we may reverse a conviction where an error “materially prejudices” the accused’s substantial rights. We find that threshold easily met in this case.
The appellant’s entire defense to the larceny specification hinged on the question of whether he believed the property in the building was abandoned. The government had to prove beyond a reasonable doubt that such a belief, even if unreasonable, did not honestly exist. United States v. Binegar, 55 M.J. 1, 5 (C.A.A.F.2001). The appellant’s counsel at trial successfully placed this theory before the members using the government’s witnesses. The appellant’s testimony on abandonment during the guilty plea inquiry, provided under assurance from the military judge that it could not be used to prove any other offense, thus took on critical importance, for it undermined the defense theory.
*611 Because it involves the violation of a constitutional right, the government has the burden of persuading us that this error is harmless beyond a reasonable doubt. United States v. McCollum, 58 M.J. 323, 342 (C.A.A.F.2003). Although the members certainly could have discounted the appellant’s mistake of fact defense, we are not convinced beyond a reasonable doubt that they would. We therefore set aside the appellant’s larceny conviction and dismiss Charge III and its Specification.

Sentence Reassessment

Because we have dismissed the appellant’s larceny conviction, we must determine whether we can reassess his sentence. If we can determine that, “absent the error, the sentence would have been at least of a certain magnitude,” then we “may cure the error by reassessing the sentence instead of ordering a sentence rehearing.” United States v. Doss, 57 M.J. 182, 185 (C.A.A.F.2002) (citing United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986)). We are able to do so in this case. We find that the members would have imposed no less than the sentence received by his co-actor, SrA R. We therefore reassess the appellant’s sentence accordingly: confinement for two months and reduction to the grade of E-3.
We further find this reassessed sentence to be appropriate. While no two individuals are exactly alike, the criminal liability of each airman here is coextensive with the other; indeed, the government concedes they were “co-actor[s],” and neither exercised the authority of rank over the other. Under the circumstances, the two deserve like punishments. See United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982); United States v. Healy, 26 M.J. 394, 395 (C.M.A.1988). See also United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F.1999).

Conclusion

The findings, as modified, and sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); United States v. Reed, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings, as modified, and sentence, as reassessed, are
AFFIRMED.

. Because of the nature of the relief granted, we need not address the appellant's remaining assignments of error.